## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **HOWARD TAFLER** ) <br> **15 South Bank Street, Apt 409** ) <br> **Philadelphia, PA 19106** ) <br>     Plaintiff, ) <br> ) <br> v.     ) <br> ) <br> **THE DISTRICT OF COLUMBIA** ) <br> **A Municipal Corporation** ) <br> **1350 Pennsylvania Avenue, NW** ) <br> **Washington, D.C. 20004** ) <br> ) <br>     Serve on: ) <br> ) <br>     The Honorable Anthony Williams ) <br>     Mayor, District of Columbia ) <br>     1350 Pennsylvania Avenue, NW ) <br>     Washington, D.C. 20004, ) <br> ) <br>         and ) <br> ) <br>     Attorney General ) <br>     Office of Attorney General ) <br>     District of Columbia ) <br>     1350 Pennsylvania Avenue, NW ) <br>     Suite 409 ) <br>     Washington, D.C. 20004 ) <br> ) <br>         and ) <br> ) <br> **OFFICER ANTHONY HECTOR** ) <br> **Individually and Officially** ) <br> **Metropolitan Police Department** ) <br> **1624 V Street, N.W.** ) <br> **Washington, D.C. 20009** ) <br> ) <br>         and ) <br> ) <br> **OFFICER GRAJALES** ) <br> **Individually and Officially** ) <br> **Metropolitan Police Department** ) <br> **1624 V Street, N.W.** ) | **Civil Action No: 05CV01563(PLF)** |

| | |
|---|---|
| **Washington, D.C. 20009** | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE | ) |
| Individually and Officially | ) |
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W. | ) |
| Washington, D.C. 20001 | ) |
| Defendant(s) | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT AND JURY DEMAND
### INTRODUCTION

1. This is an action for money damages by Howard Tafler against the District of Columbia and several of its officers and employees, for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the District of Columbia; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. Plaintiff alleges that Defendants among others unlawfully conspired to violate rights secured to Howard Tafler under the Constitution of the United States. Plaintiff also alleges that Defendant's employees, among other, used excessive force in his arrest and false detention in violation of his constitutional rights. Plaintiff also alleges, among others, that Defendants intentionally inflicted emotional distress, and assaulted and battered Howard Tafler. Plaintiff also alleges that the District of Columbia, Charles H. Ramsey, and others, in deliberate indifference to the rights of citizens, failed to train, supervise, control, and discipline Defendant police officers and others, and said failure was the result of official policy, or the custom, practice, of the District of Columbia, and that said conduct or omission caused the deprivation of right secured to Howard Tafler under the Constitution and laws of the United States and the District of Columbia. Plaintiffs bring this action pursuant to the Fourth, Fifth, and Fourteenth

Amendments to the Constitution of the United States, 42 U.S.C. §§ 1981 through 1988, and the laws of the District of Columbia.

## JURISDICTION AND VENUE

2. The court has jurisdiction over Plaintiff's Constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343. The court further has jurisdiction over Plaintiff's Constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1988 and pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States. The court also has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Columbia. Each claim for relief arose in the District of Columbia.

## PARTIES

4. At all times relevant to this Complaint, Plaintiff, Howard Tafler, was a resident of the District of Columbia.

5. At all times relevant, Defendant District of Columbia was a municipal corporation.

6. At all times relevant hereto, Metropolitan Police Department was an agency of Defendant District of Columbia.

7. At all times relevant, Metropolitan Police Department and Chief Charles H. Ramsey, served as the Police Chief of the Metropolitan Police Department. The District of Columbia and Chief Charles H. Ramsey had a duty to train, supervise, and control Defendant police officers; acted under the direction and control of Defendant District of Columbia; and acted pursuant to official policy, or the custom, practice, and usage of Defendant District of Columbia.

8. At all times relevant, Defendants, Hector, Grajales, etc, served as Metropolitan Police Officers and acted under color and pretense of law, and under color of statute, and under the

direction and control of Defendant District of Columbia and Defendant Chief Charles Ramsey; and acted pursuant to either official policy, or the custom, practice, and usage of Defendant District of Columbia.

## FACTS

9. On or about August 4, 2002 at about 2:30 pm, in the 1700 block of U Street, N.W., Washington, DC, Defendant police officers in plain clothes recklessly tackled Plaintiff from behind without warning, in the alley behind his apartment, while he was walking.

10. The Plaintiff was violently knocked to the ground from behind and subjected to severe kicking, causing serious injuries to Plaintiff's face and body, including but not limited to laceration to upper lip, mouth and chin, bone chip in right elbow, ringing in the head/ears, swelling to both knees, etc. The Plaintiff also has permanent scars on upper lip and chin as a result of the Defendants' conduct.

11. The Plaintiff was wrongfully placed in handcuffs and arrested without a warrant and charged with attempted burglary, destruction of property, and felony threat. Plaintiff was subsequently transported to the Third District where he was booked, fingerprinted, photographed and detained with his injuries for an extended period of time. The Plaintiff was denied immediate and proper medical attention.

12. The subject premises that formed the basis of the arrest for attempted burglary was Plaintiff residence at the time of the incident. Additionally, the property that formed the basis of the arrest for destruction of property was Plaintiff's property and as such, all the charges brought against Plaintiff were subsequently dismissed.

FEDERAL CAUSES OF ACTION
COUNT I
(Fourth Amendment Violations)

13. Plaintiff hereby incorporates paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. The acts and conduct hereinbefore and after alleged constitute unreasonable and excessive force prohibited under the Fourth Amendment to the Constitution of the United States.

15. These acts and omissions engaged in under the color of state law by Defendant police officers of the Metropolitan Police Department acting as agents of Defendant District of Columbia, deprived Howard Tafler of rights secured to him under the Fourth Amendment to the Constitution of the United States and the laws of the District of Columbia.

16. As a direct and proximate result of Defendant employees' conduct, Howard Tafler was beaten, assaulted and battered resulting in severe bodily injuries.

COUNT II
(Denial of Due Process - Procedural and Substantive)

17. Plaintiff hereby incorporates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. The acts and conduct hereinbefore and after alleged constitute a denial of substantive and procedural due process pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

19. As a direct and proximate result of Defendants' conduct, Howard Tafler was violently tackled and kicked while in the care and custody of the Metropolitan Police Department. Specifically, Plaintiff suffered humiliation, pain, nightmares, headaches, mental distress, mental anguish, and anxiety.

## COUNT III
(Conspiracy to Violate Civil Rights)

20. Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. The acts and conduct hereinbefore and after described constitute conspiracy to deprive Howard Tafler of right guaranteed to him under the Fourth and Fourteenth Amendments to the Constitution of the United States by the excessive use of force during stop, arrest, interrogation and detention.

22. Two or more of the police officers of Defendant District of Columbia agreed or conspired to inflict a wrong or injury on Howard Tafler, by the use of excessive force.

23. Defendant police officers, Chief of Police and District of Columbia acted in furtherance of the conspiracy when the Metropolitan Police Officers caused him to undergo severe assault and battery.

24. As a direct and proximate result of Defendant police officers conspiracy, James Herbert Nero was assaulted battered and severely injured.

## COUNT IV
(Failure to Train, Supervise, and Control)

25. Plaintiff hereby incorporates paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. The acts and conduct herein before and after described constitute inadequate training, supervision, and control of subordinates and employees in violation of rights guaranteed to Howard Tafler under the Fourth, and Fourteenth Amendments to the Constitution of the United States.

27. The Defendants District of Columbia and Chief Charles H. Ramsey had a duty to train, supervise, and control subordinates. Defendant Officials, with deliberate indifference, knowingly, willfully, or recklessly failed to train, supervise, or control subordinates who may have a history of misbehavior and failed to correct unconstitutional practices or implement procedures designed to protect the citizens of the District of Columbia.

28. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train or otherwise direct its employees, including Defendant police officers, concerning the rights of citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to discipline and training caused Defendant police officers to engage in the unlawful conduct described above.

29. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline its employees, including Defendant police officers, for violations of the Constitutional rights of citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to properly supervise, sanction, or discipline employees proximately caused Defendant police officers to engage in the actions described above.

30. Defendant District of Columbia, as a matter of policy, practice, and custom, and with deliberate indifference, failed to supervise, sanction, or discipline employees, including Defendant police officers, who were aware of and subsequently concealed violations of the Constitutional rights of citizens by other employees. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to supervision, sanctioning, or disciplining employees who were aware of and subsequently concealed or attempted to conceal violations of

the Constitutional rights of citizens by other employees proximately caused and encouraged Defendant police officers to engage in the unlawful actions described.

31. Defendant District of Columbia acquiesced in the unconstitutional conduct of its employees by its deliberate indifference to inadequate procedures for handling complaints against police officers. Defendant District of Columbia's acquiescence, by deliberate indifference to inadequate complaint procedures, caused and encouraged employees, including Defendant police officers, to engage in the unlawful actions described.

32. This action is brought against Defendant District of Columbia for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

33. Defendant District of Columbia knew or should have known that Defendants police officers were inadequately trained, supervised, and controlled to perform the duties of their respective positions.

STATE CAUSES OF ACTION<br>COUNT V<br>(Intentional Infliction of Emotional Distress)

34. Plaintiff hereby incorporates paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

35. The acts and conduct hereinbefore and after described constitute intentional infliction of severe emotional distress. Defendants intentionally caused Howard Tafler to suffer severe and extreme emotional distress.

36. As a direct and proximate cause of Defendants actions and inactions, Howard Tafler suffered and still suffers sever and extreme emotional distress and mental anguish.

## COUNT VI
(Assault and Battery)

37. Plaintiff hereby incorporates paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38. The acts and conduct hereinbefore and after described constitute assault and battery.

39. Defendant police officers of the District of Columbia intentionally tackled Howard Tafler with their body and stomped on him while he was on the ground and also created an apprehension and fear of severe bodily injury without consent.

40. As a direct and proximate cause of Defendants' conducts, Howard Tafler was frightened and humiliated, causing sever and extreme emotional distress and mental anguish.

41. As a direct and proximate cause of Defendants' conduct, Howard Tafler suffered physical and mental pain, humiliation, mental anguish, and anxiety.

## COUNT VII
(Negligent Infliction of Emotional Distress)

42. Plaintiff hereby incorporates paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

43. The acts and conduct hereinbefore and after described constitute negligent infliction of severe emotional distress. Defendants negligently inflicted emotional distress upon Howard Tafler.

44. As a direct and proximate cause of Defendants' conduct, Howard Tafler suffered and still suffers sever and extreme emotional distress and mental anguish.

## COUNT VIII
(False Arrest)

45. Plaintiff hereby incorporates paragraphs 1 through 44 of this complaint, as though fully set forth herein.

46. The Defendant officers who had no reason to believe that Plaintiff was breaking into another person's apartment violently and recklessly tackle Plaintiff from behind while he was walking in the alley behind his apartment, stomped on him and arrested him.

47. Defendant Officers arrest was made without a warrant and demonstrated ill will, improper motivation or evil purpose.

48. The fact that Plaintiff was observed walking away from his apartment did not constitute probable cause needed to make a warrantless arrest.

49. As a result of Defendant officers conduct and actions, Plaintiff Tafler has suffered, and will continue to suffer, severe mental anguish, medical and other related expenses, and loss of income.

## COUNT IX
### (False Imprisonment)

50. Plaintiff hereby incorporates paragraphs 1 through 49 of this complaint, as though fully set forth herein.

51. The acts and conduct hereinbefore and after described constitute false imprisonment, at the time the Defendant Officers arrested the Plaintiff thereby restraining him from going about his business.

52. Such action by Defendant Officers caused Plaintiff Tafler to be unlawfully deprived of his liberty to leave the area.

53. Plaintiff was detained against his will for several hours.

54. As a result of the actions by Defendant Officers, Plaintiff Tafler suffered damage by being unlawfully held against his will for an extended period of time.

55. By all of their behavior, Defendant Officers actions toward Plaintiff demonstrated actual malice.

## COUNT X
### (Negligence and Gross Negligence)

56. Plaintiff hereby incorporates paragraphs 1 through 55 of this complaint, as though fully set forth herein.

57. The acts and conduct hereinbefore and after described constitute breach of duty owed to Plaintiff.

58. As a direct and proximate result of Defendant employees' conduct, Howard Tafler was illegally seized without a warrant and deprived of the rights, privileges and immunities guaranteed to Plaintiff, beaten, assaulted and battered resulting in severe bodily injuries.

59. By all of their behavior, Defendant Officers actions toward Plaintiff demonstrated actual malice and were done with gross indifference.

60. As a result of the Defendant Officers conduct and actions, Howard Tafler has suffered serious injuries to about his head, body and limbs, and damages by being unlawfully held against his will for an extended period of time and has suffered and will continue to suffer sever emotional anguish, loss of reputation, loss of income, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Howard Tafler, demands judgment, jointly and severally, against Defendants, DISTRICT OF COLUMBIA, OFFICER ANTHONY HECTOR, OFFICER GRAJALES, and JOHN DOE:

a. Compensatory damages in the amount of $2,500,000.00;

b.  Punitive Damages to the maximum extent allowed under the law;

c.  Attorney's fees and costs; and

d.  Such other and further relief as the court may deem appropriate.

                    Respectfully submitted,
                    THE IWEANOGES' FIRM P.C.

By:_____/s/_____
                    Jude C. Iweanoge
                  Charles C. Iweanoge
                  John O. Iweanoge, Jr.
                  1010 Vermont Avenue, NW, Ste. 600
                  Washington, DC 20005
                  Phone: (202) 347-7026
                  Fax: (202) 347-7108
                  Email: jci@iweanogesfirm.com

## JURY DEMAND

Plaintiffs hereby demand a trial by the maximum number of jurors allowed on all issues of fact presented herein.

                    _____/s/_____
                            **Jude C. Iweanoge**