UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HOWARD TAFLER,** | ) | |
| Plaintiff, | ) ) ) | C.A. No. 05-1563 (PLF) |
| v. | ) ) ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Defendant District of Columbia, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety against all Defendants. In support thereof and as explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff's claim must be dismissed because:

(1) Plaintiff has failed to effectuate proper service on the District of Columbia;

(2) Plaintiff has failed to serve the individual defendants at all;

(3) Plaintiff's claims of false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress are barred by the statute of limitations (Counts V, VI, VIII, and IX);

(4) Plaintiff has failed to state a claim upon which relief can be granted for negligence or negligent infliction of emotional distress (Counts VII and X);

(5) Plaintiff's claim for violation of the 5th Amendment is inapplicable because the Complaint asserts that the actions triggering the constitutional violation is the alleged battering (Count II);

(6) Plaintiff has failed to state a claim under the 14th Amendment because the 14th Amendment does not apply to the District of Columbia (Count II); and

(7) Plaintiff has failed to state a claim for Conspiracy to Violate Civil Rights (Count III).

Wherefore, the District of Columbia respectfully request that this Court dismiss Plaintiff's Complaint as to all Defendants and enter judgment in their favor.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        __/s/ *Nicole L. Lynch*_____
        NICOLE L. LYNCH (471953)
        Chief, Section II

        __/s/ *Shana L. Frost*_____
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD TAFLER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-1563 (PLF) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

## I.   FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges that "[o]n August 4, 2002 at about 2:30 pm, in the 1700 block of U Street, N.W., Washington, D.C., Defendant police officers in plain clothes recklessly tackled Plaintiff from behind without warning, in the alley behind his apartment, while he was walking." Am. Comp. ¶ 9.  Plaintiff alleges that he sustained physical injuries as a result of this contact with members of the Metropolitan Police Department ("MPD"). *Id.* ¶ 10.  He further alleges that he "was wrongfully placed in handcuffs and arrested without a warrant and charged with attempted burglary, destruction of property, and felony threat [sic]." *Id.* ¶ 11.  Plaintiff states that he was transported to the Third District MPD Station where he was processed and detained without medical attention. *Id.*

On August 3, 2005 Plaintiff filed his Complaint, purporting to assert the following causes of action:  (1)  Fourth Amendment Violations; (2) Denial of Due Process – Procedural and Substantive; (3) Conspiracy to Violate Civil Rights; (4) Failure to Train,

3

Supervise and Control; (5) Intentional Infliction of Emotional Distress; (6) Assault and Battery; (7) Negligent Infliction of Emotional Distress; (8) False Arrest; (9) False Imprisonment; and (10) Negligence and Gross Negligence.  Plaintiff subsequently filed an Amended Complaint on October 17, 2005.  The Amended Complaint appears to only correct the date that Plaintiff alleges the incident occurred.[1]

On September 22, 2005, Plaintiff filed his Affidavits of Service.  Plaintiff's Affidavit of Service for the Mayor of the District of Columbia indicates that Plaintiff attempted to serve the Mayor on September 12, 2005 via certified mail, return receipt requested.  Exhibit A to the Affidavit of Service on the Mayor indicates that the individual that signed for the certified delivery was "M. Smith."  Plaintiff's Affidavit of Service for the Attorney General of the District of Columbia indicates that Plaintiff attempted to serve the Attorney General via certified mail, return receipt requested.  The Affidavit of Service on the Attorney General also includes an Exhibit A which indicates that the individual that signed for the Attorney General's service copy was also "M. Smith."

On September 9, 2005, a Mr. Adrian K. Bean executed a Return of Service for MPD Officer Anthony Hector and an MPD Officer Grajales.  The return of service indicates that both of these officers were allegedly personally served at the MPD Third District Station at 1620 V Street, N.W.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the Plaintiff will be unable

---

[1] The original Complaint alleged that the date of the incident was August 4, 2005, which was one day *after* Plaintiff filed his original Complaint.

4

to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 276 (D.C. Cir. 1994).

Pursuant to Fed. R. Civ. P. 12(b)(5), a party can request that the Court dismiss a complaint for insufficient service of process. *Johnson v. Ashcroft*, 2005 U.S. Dist. LEXIS 17961 (Aug. 17, 2005 D.D.C.). Once such a challenge is made, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).

III.   **ARGUMENT**

a. <u>**PLAINTIFF HAS FAILED TO PROPERLY SERVE THE DEFENDANTS**</u>

As demonstrated immediately *infra*, Plaintiff has failed to properly serve the District of Columbia, and – despite the filing of affidavits of personal service - has not

5

served the individual officers at all.  This is grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(5).

### i. Plaintiff Has Failed To Effectuate Proper Service On The District Of Columbia

Rule 4(j)(2) governs the service of process upon, *inter alia*, municipal corporations such as the District of Columbia.  Specifically, the rule provides that, "[s]ervice upon a . . . municipal corporation . . . shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."  Fed. R. Civ. P. 4(j)(2).  The Superior Court Civil Rules provide that:

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee).  The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j)(1).

Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District "as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas) . . ."  *See* Ex. 1 (Mayor's Order 2004-77).  The Secretary of the District, in turn, has designated Tabatha Braxton and Gladys Herring as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary.  Ex. 1.  The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and

Gale Rivers as designees to receive service of process on behalf of the Attorney General. *See* Ex. 2 (Attorney General Office Order 2005-19). In order to effectuate proper service on the District of Columbia, service must be received by one of the Secretary's designees.

In this case, Plaintiff filed an affidavit of service indicating that he served the Mayor and the Attorney General by certified mail, return receipt requested. *See* Ex. 3 (Affidavit of Service, Mayor and Attorney General). Both affidavits attach a copy of the return receipt, and each indicates that an individual by the name of "M. Smith" received the service. This individual is not authorized to receive service on behalf of either the Mayor/Secretary or the Attorney General. As the Mayor of the District of Columbia was not properly served, the District should be dismissed.

In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the District of Columbia Court of Appeals addressed the same issue presented here: whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787. The trial court in *Eldridge* concluded that it was not, finding that, "while service . . . can be effected by mail, it is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the . . . Corporation Counsel . . ." *Id.* (quoting opinion of the trial court).

> The Court of Appeals, in affirming the decision of the trial court, observed:
>
> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The

7

> flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the Corporation Counsel in accordance with the strictures of Super. Ct. Civ. R. 4(j)(1).

*Id.* Indeed, this Court has recently noted that "*Eldridge* reaffirms established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Thus, Plaintiff has not properly served the District of Columbia.

While Rule 4(m) allows the Court to permit Plaintiff additional time to effectuate proper service, the rule limits such extensions to "an appropriate period" and for "good cause for [Plaintiff's] failure." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of showing good cause, and "[m]istakes of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004). In this case, Defendants submit that Plaintiff is unable to demonstrate good cause. While the District indicated in its filings with this Court that it did not waive its right to proper service, Plaintiff made no attempt to insure that the District was properly served within the 120 day time period allotted for service of process, or to request additional time to properly serve the District. Thus, the District respectfully requests that the Court dismiss Plaintiff's Complaint against the District.

### ii. Plaintiff Has Not Served The Individual Officers At All

Plaintiff also names as defendants – individually and officially – MPD Officer Anthony Hector and an Officer Grajales. Plaintiff filed with the Court Returns of Service for Officer Hector and Officer Grajales. *See* Ex. 4 (Return of Service, Hector) & Ex. 5 (Return of Service, Grajales). The Returns of Service indicate that these Defendants were *personally* served at the MPD Third District Station at 1620 V Street, NW on September 9, 2005. The Declaration of Server is executed by Adrian K. Bean.

The District challenges this alleged service. First, neither Mr. Hector nor Mr. Grajales are currently employed by MPD, and were not employed by MPD at the time Plaintiff filed his Complaint, let alone when Plaintiff allegedly personally served them. Indeed, it is undersigned counsel's understanding that Mr. Grajales relocated to Texas more than a year before the Complaint was filed. Neither Mr. Grajales nor Mr. Hector have had any notice that this suit has been brought against them, and certainly have not had the opportunity to waive proper service. Thus, as Plaintiff has not served Mr. Hector nor Mr. Grajales at all, Plaintiff's Complaint against these individuals must be dismissed pursuant to Fed. R. Civ. P. 4.

### b. **EVEN IF PLAINTIFF PROPERLY SERVED ANY DEFENDANT, PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED**

While the District submits that Fed. R. Civ. P. 12(b)(5) is dispositive of this matter as to all Defendants, there are additional grounds, discussed herein, pursuant to Rule 12(b)(6) as to why Plaintiff's claims of Conspiracy to Violate Civil Rights, Intentional Infliction of Emotional Distress, Assault and Battery, Negligent Infliction of Emotional Distress, False Arrest, False Imprisonment, and Negligence should be dismissed.

> **i. Plaintiff Has Failed To Comply With The One-Year Statute Of Limitations Applicable To His Claims Of Intentional Infliction Of Emotional Distress, Assault And Battery, False Arrest, And False Imprisonment**

Plaintiff alleges that the incident that forms the basis for this lawsuit occurred on August 4, 2002.  Am. Compl. ¶ 9.  Plaintiff did not file his original Complaint in this matter until August 3, 2005, one-day shy of the three-year statute of limitations.

The statute of limitations in the District of Columbia provides a one-year limitations period "for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment."  D.C. Code § 12-301(4).  Plaintiff has asserted his claims for assault and battery, false arrest, and false imprisonment almost three years after these causes of action accrued and well beyond the applicable statute of limitations.  *See National R.R. Passenger Corp. v. Krouse,* 627 A.2d 489 (D.C. 1993) (for torts, cause of action accrues for statute of limitations purposes at the time the allegedly tortuous act is committed).  Thus, the Court should dismiss Count VI (Assault and Battery), Count VIII (False Arrest), and Count IX (False Imprisonment).

Plaintiff's claim for intentional infliction of emotional distress should also be dismissed under the one-year statute of limitations.  The District of Columbia Court of Appeals has noted that "in certain cases where intentional infliction of emotional distress was included among a number of alleged torts, the one-year statute of limitation has been applied where the nature of the action rested on the other torts and the emotional distress aspect of the claim was essentially an outgrowth of the other pleaded torts."  *Saunders v. Nemati*, 580 A.2d 660, 662 (D.C. 1990).

The U.S. Court of Appeals for the District of Columbia Circuit has also follow this approach.  In *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991), the

plaintiff alleged excessive force by the police and sued the District and two MPD officers for constitutional claims, as well as common law claims for assault and battery, intentional infliction of emotional distress, and negligent hiring and training. The Circuit Court affirmed the District Court's application of the one-year statute of limitations to a claim for intentional infliction of emotional distress as the plaintiff's "complaint did not allege any facts suggesting that the defendants intentionally caused him emotional distress by conduct 'independent' of the alleged assault and battery." *Id.* at 72.[2]

In this case, Plaintiff refers to the alleged assault and battery, false arrest, and false imprisonment – all one-year claims – and states in support of his claim for intentional infliction of emotional distress that "[t]he acts and conduct hereinbefore and after described constitute intentional infliction of severe emotional distress." Am. Compl. ¶ 35. Plaintiff makes no other allegations other than the alleged assault and battery, false arrest, and false imprisonment to support his claim for intentional infliction of emotional distress. This is identical to the allegations made in *Hunter*, and thus Plaintiff's claim for intentional infliction of emotional distress should be dismissed as untimely.

        ii.   **Plaintiff Has Failed To State A Claim For Negligence And Negligent Infliction Of Emotional Distress**

In the District of Columbia, a Plaintiff alleging injury caused by the excessive force of a police officer may assert more than one theory to support recovery, including

---

[2] *See also Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 550 (D.D.C. 1981), *aff'd on other grounds*, 726 F.2d 774 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1003 (1985) (Court granted motion to dismiss plaintiff's claims of "assault, battery, false imprisonment, intentional infliction of emotional distress and/or intentional infliction of cruel, inhuman and degrading treatment," noting that "[c]learly, the torts alleged . . . are dependents of the same personal interests infringed by the intentional torts that would be subject in the District of Columbia to the one year limitation period.") *Thomas v. News World Communications*, 681 F. Supp. 55, 73 (D.D.C. 1988) (dismissing plaintiffs' claim for emotional distress as it was "completely dependent upon and 'intertwined' with their claims for libel, defamation, and assault and/or battery").

11

assault and battery and negligence. *See District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003); *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997).[3]  However, a claim for assault and battery is separate and distinct from a claim of negligence, and the pleader must assert facts to support each element of whichever claim asserted, and must offer evidence at trial to support each claim. *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000).  As explained in *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997), "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." *Tinker*, 691 A.2d at 64. The Court went on to say that nothing in the case law on excessive force even "hints at an element of negligence, or a tort distinct from assault and battery." *Id.*

"In other words, a plaintiff cannot seek to recover by 'dressing up the substance' of one claim [here assault and battery] in the 'garments' of another [negligence]." *Sabir*, 755 A.2d at 452 (quoting *United Nat'l Ins. Co. v. The Tunnel, Inc.*, 988 F.2d 351, 354 (2d Cir. 1993)).  The *Sabir* Court bluntly held that "[t]here is no such thing as a negligent assault." *Id.* (quoting 1 F. Harper & F. James, The Law of Torts, § 3.5 at 3:19 (3d ed. 1996)).

"In order to prevail in a negligence action, the plaintiff must prove 'the applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Holder*, 700 A.2d at 741, quoting *Etheridge v. District of Columbia*, 635 A.2d 908, 917 (D.C. 1993).  When a negligence claim involves the use of excessive force by a police officer, our Court of Appeals has clearly stated that the "negligence must be distinctly pled and based upon at

---

[3] *Chinn* has been followed by at least one judge of this Court. *See Johnson v. District of Columbia*, 2005 U.S. Dist. LEXIS 16918 (July 20, 2005 D.D.C.) (Collyer, J.); *Hudson v. District of Columbia*, 2005 U.S. Dist. LEXIS 11505 (June 9, 2005 D.D.C.) (Collyer, J.).

12

least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." *Chinn*, 839 A.2d at 711.  The Court went on to explain that "[i]t is tautological to speak of the applicable standard of care as being the duty not to use excessive force; that is the precise boundary line of the privilege itself, and it matters not whether it is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force." *Id.*

In his Complaint, Plaintiff leaps directly into the pitfalls warned against by the Court of Appeals, and fails to properly allege a cause of action for negligence.  Plaintiff pleads as follows:

> 57. The acts and conduct hereinbefore and after described constitute breach of duty owed to Plaintiff.
>
> 58.  As a direct and proximate result of Defendant [sic] employees' conduct, Howard Tafler was illegally seized without a warrant and deprived of the rights, privileges and immunities guaranteed to Plaintiff, beaten, assaulted and battered resulting in severe bodily injuries.
>
> 59.  By all of their behavior, Defendant Officers [sic] actions toward Plaintiff demonstrated actual malice and were done with gross indifference.

Am. Compl. ¶¶ 57-59 (Count Ten).

Plaintiff alleges that the officers' alleged assault and battery of Plaintiff constituted a breach of duty – in other words, that the standard of care was the duty to not use unnecessary force.  *See Chinn*, 839 A.2d at 711.  Plaintiff makes no allegations of an appropriate standard of care and a deviation from such standard by an act other than the alleged excessive force itself.  Plaintiff also errs in that he does not plead "at least one factual scenario that presents an aspect of negligence apart from the use of excessive

13

force itself." *Id.* Instead, Plaintiff rests his allegations of breach of duty on the alleged excessive force, and fails to state a claim upon which relief can be granted for a cause of action for negligence. *See* Am. Compl. ¶ 57-58.

Similarly, Plaintiff's claim for negligent infliction of emotional distress must fail. Plaintiff states in a conclusory manner that "[t]he acts and conduct hereinbefore and after described constitute negligent infliction of severe emotional distress. Defendants negligently inflicted emotional distress upon Howard Tafler." Am. Compl. ¶ 43. Plaintiff does not plead a factual scenario of negligence apart from the use of force, therefore his alleged emotional distress arises out of and is intertwined with the assault and battery. As such, he does not state a claim for negligent infliction of emotional distress. *See Hudson v. District of Columbia*, 2005 U.S. Dist. LEXIS 11505 at *17 (June 9, 2005 D.D.C.) (dismissing a claim for negligent infliction of emotional distress under the *Chinn* analysis).

### iii. Plaintiff Has Failed To State A Claim For Violation of Due Process Rights

Plaintiff asserts that "[t]he acts and conduct hereinbefore and after alleged constitute a denial of substantive due process pursuant to the Fifth and Fourteenth Amendment to the Constitution of the United States." Am. Compl. ¶ 18. Plaintiff has not, however, properly stated a claim under the due process clause.

First, the 5th Amendment is inapplicable to this case as the actions that Plaintiff claims underlie the claim are the alleged assault and battery. *See* Am. Compl. ¶ 19 ("As a direct and proximate result of the Defendants' conduct, [Plaintiff] was violently tackled and kicked while in the care and custody of the Metropolitan Police Department."). Hence, such a claim is more properly analyzed under the 4th Amendment. See *Albright v.*

14

*Oliver*, 510 U.S. 266, 273 (1994), ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.")

Second, the 14th Amendment does not apply to the District of Columbia. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Therefore, Plaintiff's due process claims must be dismissed.

### iv. Plaintiff Has Failed To State A Claim For Conspiracy To Violate Civil Rights

Plaintiff appears to attempt to claim under 42 U.S.C. § 1985(c), which creates a cause of action for plaintiffs alleging a conspiracy to violate constitutional rights. "A civil conspiracy occurs when two or more persons acting in concert plan, attempt to commit and/or commit an unlawful act or a lawful act by unlawful means." *Estate of Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 82 (D.D.C. 2003).

The District and its employees acting within the scope of their employment comprise a single entity, incapable of entering into a conspiracy. *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983); *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989)). Thus, Plaintiff's claim must fail, because the District of Columbia cannot conspire with itself. *Phillips*, 257 F. Supp. 2d at 82-83 (citing *Michelin*, 704 F. Supp. at 4; *Gladden*, 558 F. Supp. at 679). Thus, Plaintiff's claim for conspiracy must be dismissed.[4]

---

[4] Although Plaintiff also sues the individual officers in their individual capacities, any federal claims for violation of civil rights as a state actor is limited to the individual defendants being sued in their official capacities. *See Michelin*, 704 F. Supp. at 4 n.1.

15

**IV.   CONCULSION**

For the reasons stated *supra*, the District of Columbia respectfully requests that this Court dismiss Plaintiff's Complaint as to all Defendants and enter judgment for the Defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


    /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


    /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

16