# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **HOWARD TAFLER** )<br>　**Plaintiff,** )<br> )<br>　v. )<br> )<br>**THE DISTRICT OF COLUMBIA, et al** )<br>　**Defendant(s)** )<br>*********************************** | ) **Civil Action No: 05CV01563**<br>) **JUDGE: Paul L. Friedman** |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Howard Tafler, by and through his attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendant District of Columbia's Motion to Dismiss for failure to effectuate proper service on the District of Columbia, or in the alternative for failure to state a claim upon which relief can be granted as to counts II, III, V, VI, VII, VIII, IX and X.. Memorandum of points and authorities supporting Plaintiff's Opposition to Defendant's motion to dismiss is attached hereto.

　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　THE IWEANOGES' FIRM P.C.


　　　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　　　　　Jude C. Iweanoge
　　　　　　　　　　　　　　　　　　Federal District Building-Suite 600
　　　　　　　　　　　　　　　　　　1010 Vermont Avenue, NW
　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　Phone: (202) 347-7026
　　　　　　　　　　　　　　　　　　Fax: (202) 347-7108
　　　　　　　　　　　　　　　　　　Email: jci@iweanogesfirm.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **HOWARD TAFLER** )<br>    **Plaintiff,** )<br> )<br>    **v.** )<br> )<br>**THE DISTRICT OF COLUMBIA, et al** )<br>    **Defendant(s)** ) | **Civil Action No: 05CV01563**<br>**JUDGE: Paul L. Friedman** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### BACKGROUND FACTS

On or about August 4, 2002 at about 2:30 pm, in the 1700 block of U Street, N.W., Washington, DC, Defendant police officers in plain clothes responded to the residence of the plaintiff pursuant to a call from Jennifer Andrews, Plaintiff's girlfriend. While Plaintiff was walking in the alley behind the apartment he was occupying with Ms. Andrews, Defendant Police Officers tackled Plaintiff from behind without warning. The Plaintiff was violently knocked to the ground from behind and subjected to severe kicking, causing serious injuries to Plaintiff's face and body, including but not limited to laceration to upper lip, mouth and chin, bone chip in right elbow, ringing in the head/ears, swelling to both knees, etc. The Plaintiff also has permanent scars on upper lip and chin as a result of the Defendants' conduct.

This savage beating took place for more than 10 minutes. Ms. Andrews never told the police that her apartment was being burglarized. The Defendant Police Officers neither interviewed Ms. Andrews nor Plaintiff regarding his presence in the alley or Ms. Andrew's report to the 911 dispatcher. The police officers savagely beat Plaintiff with the use of excessive physical force, which was clearly excessive since Plaintiff was tackled from behind without any

warning or direction to stop. But for the unprovoked attack by Defendant Police Officers, Plaintiff's injuries would not have occurred. Moreover, despite the fact that Plaintiff was injured and needed immediate medical attention, it was not until another officer at Third-D told the Defendant Officers to take Plaintiff to the hospital that they did so.

The Plaintiff was wrongfully placed in handcuffs and arrested without a warrant and charged with attempted burglary, destruction of property, and felony threat. Plaintiff was subsequently transported to the Third District where he was booked, fingerprinted, photographed and detained with his injuries for an extended period of time. The Plaintiff was denied immediate and proper medical attention. The subject premises that formed the basis of the arrest for attempted burglary was Plaintiff residence at the time of the incident. Additionally, the property that formed the basis of the arrest for destruction of property was Plaintiff's property and as such, all the charges brought against Plaintiff were subsequently dismissed.

The violation of Plaintiff's rights was caused by the District of Columbia failure and reckless indifference to harm persons the officers come in contact. Plaintiff further alleges that the violation of his constitutional rights were caused by implementation of a custom, policy, or official act of Defendant, District of Columbia, because the city has failed to properly train or supervise its police officers including but not limited to investigation of citizens' complaints of use of excessive force and failure to reprimand officers. The policy and custom of failure to investigate and reprimand officers involved in excessive use of force, especially where the officers fail to attend to emergency medical needs of the victim. As a result of the conduct of the Officers the Plaintiff suffered facial injuries, dental injuries, split lip, head trauma, bone chip in right elbow, ringing in the head/ears, swelling to both knees, permanent scars on upper lip and chin and mental and emotional distress.

On or about August 3, 2005, Plaintiff filed his complaint asserting *inter alia*; Fourth Amendment violation, Denial of Due Process, Conspiracy to Violate Civil Rights, Failure to Train, Supervise, and Control, Intentional Infliction of emotion Distress, Assault and Battery, Negligent Infliction of Emotional Distress, False Arrest, False Imprisonment, Negligence and Gross Negligence.

Upon information and belief, on September 9, 2005, Mr. Adrian Bean, an investigator attempted to serve the Defendant Police Officers and the complaint and summons were accepted by an Officer on behalf of the Defendant Police Officers. However, subsequently upon filing a Return of Service executed by Mr. Bean, undersigned counsel was informed by counsel for the District of Columbia that MPD Officer Anthony Hector and MPD Officer Oscar Grajales are no longer employed by Metropolitan Police Department.

On September 12, 2005, Plaintiff served the Mayor of the District of Columbia and Attorney General of the District of Columbia by certified mail, return receipt requested. Both summons and complaints were received by M. Smith on behalf of the District of Columbia and Attorney General. On September 22, 2005 Plaintiff filed his Affidavit of Service, evidencing service of the summons and Complaint on the District of Columbia.

On October 17, 2005, after leaning from opposing counsel that the date of incident alleged in the complaint was incorrect and obtaining consent from opposing counsel to amend the complaint, Plaintiff filed a motion for leave to amend complaint together with an Amended Complaint to correct the date the incident that gives rise to Plaintiff's claim happened. Plaintiff's motion for leave to amend complaint was granted on October 19, 2005.

On December 5, 2005, Defendant District of Columbia filed a motion to dismiss Plaintiff's amended complaint for improper service on the District of Columbia a for failure to

serve the Defendant Officers, or in the alter alternative to dismiss Counts II, III, V, VI, VII, VIII, IX and X of Plaintiff's Amended Complaint.

Plaintiff has since obtained new summons for Officer Hector and Officer Grajales. Plaintiff through counsel has taken reasonable steps to ensure service on the Defendants by retaining the services of an investigator to locate and serve both Defendants who no longer reside in the District of Columbia. Plaintiff is now in possession of the current address for the Defendant Officers and has provided the summons to process servers to ensure service on the Defendant Officers. In addition, Plaintiff has requested for re-issue of summons for the District of Columbia so that service can be personally made on the individuals designated by the Mayor and Attorney General of the District of Columbia.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson,_ 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," _Kowal v. MCI Communications Corp.,_ 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. _See Shear v. National Rifle Association of America,_ 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. _Ezra v. Pedas_, 682 A.2d 173, 174

(D.C. 1996). The defendants' have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

## I. PLAINITFF'S CLAIM CANNOT BE DISMISSED FOR IMPROPER SERVICE BECAUSE THE TIME FOR SERVICE HAS NOT RUN

Defendant District of Columbia now contends that Plaintiff's claim should be dismissed because Plaintiff has failed to effectuate proper service on the District of Columbia. However, District of Columbia's contention is factually inconsistent and unripe at this time in that the District of Columbia through its counsel consented to Plaintiff's motion for leave to Amend Complaint which was filed on October 17, 2005 and granted on October 19, 2005. Pursuant to Fed. R. Civ. P. 4(m) service of summons and complaint must be made upon a defendant within 120 days after filing of the complaint. Although Plaintiff's original complaint was filed on August 3, 2005 which is more than 120 days, it is undisputed that Plaintiff's amended complaint which was consented to by Defendant and deemed filed on October 19, 2005 by this Court renews the time within which to serve the Defendants in the instant matter. Plaintiff's Amended Complaint was deemed filed on October 19, 2005 therefore; Plaintiff has until February 16, 2006 to serve Defendant District of Columbia.

Furthermore, at no time prior to the filing of District of Columbia's motion did Defendant advise Plaintiff that District of Columbia was not properly served. Rather the District of Columbia slyly requested extension of time within which to file its answer, beyond the 120 days of the filing of Plaintiff's complaint, so that it can raise improper service as grounds to dismiss Plaintiff's complaint. Although District of Columbia now raises improper service as grounds to dismiss Plaintiff's claim, such dismissal should not be granted since District of Columbia acted in bad faith and since Plaintiff has recently requested re-issuance of summons so that it can

personally serve the individuals designated by the Mayor and Attorney General with Plaintiff's Amended Complaint by Tuesday January 3, 2006.

The Defendant District of Columbia also contends that Plaintiff's claim against the individual Officers should be dismissed because the individual Officers have not been served at all. Defendant District of Columbia's argument regarding the Defendant Officers should also fail for the aforestated reasons. At the time of the incident, Officer Hector and Officer Grajales were employed by Metropolitan Police Department (hereinafter "MPD"). It was not until the filing of the Complaint in the instant matter and after filing of Adrian Bean's executed Return of Service that Plaintiff learned for the first time through counsel for District of Columbia that the officers were no longer employed by MPD. Afterwards, Plaintiff through counsel retained the services of an investigator to obtain the current addresses for the Defendant Officers, which has been recently obtained. Plaintiff's attempts to serve Defendant Hector who now resides in German Town, Maryland and Defendant Grajales, who now resides in Austin Texas, have been unsuccessful because of the holiday. Since the time to serve the Amended Complaint has not run and Plaintiff's investigator has located the Defendants, "dismissal is not appropriate when there exists reasonable prospect that service can be obtained." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

Even assuming *arguendo* that District of Columbia was not properly served because the summons and complaint served on District of Columbia via certified mail return receipt requested was signed by an individual M. Smith, it is undisputed that District of Columbia received the summons and complaint in this matter as evident from the records. Although District of Columbia's motion is muddled on this point, it appears to admit that M. Smith is a District of Columbia employee and does not contend that M. Smith had no apparent or actual

authority to sign certified mail receipts for certified mail directed to the Mayor. The only issue now raised by District of Columbia is that M. Smith is not the proper person to accept service on behalf of the Mayor.

The District of Columbia's motion to dismiss premised *inter alia* on improper service is noted with some interest. The District contends that "[i]n order to effectuate proper service on the District of Columbia, service must be received by the Secretary's designees." Nonetheless, the District failed to provide in its motion the individual designated by the secretary to receive summons on September 12, 2005, the day that M. Smith received service on behalf of the District of Columbia. Rather, the District of Columbia of Columbia attached as Exhibit 1 to its motion, an internal memorandum from the Interim Secretary of DC, dated November 9, 2005, almost two (2) months after service of summons and complaint on the Mayor, designating Tabatha Braxton or Gladys Herring to receive legal correspondence on behalf of the Mayor/Secretary. Since Plaintiff cannot tell the future, there is no way the District would now contend that Plaintiff should have served either Tabatha Braxton or Gladys Herring instead of M. Smith, when Ms. Braxton and Ms. Herring were designated after Plaintiff's summons was served on the District of Columbia.

As the Court of Appeal pointed out in its decision in <u>Eldridge v. District of Columbia</u>, 866 A.2d 786 (D.C. 2004), the Mayor and Attorney General must be put on notice when a lawsuit is filed against the District. Moreover, the <u>Eldridge</u> court recognized that Super. Ct. Civ. R. 4(j)(1) serves to ensure that when an individual seeks to initiate a lawsuit against the District, the proper papers will get to the proper destination. Applying the Court of Appeals reasoning behind the purpose of Super. Ct. Civ. R. 4(j)(1), and the notice requirement, it is clear that the purpose have been met since M. Smith accepted the service on behalf of the District and

promptly forwarded it to proper destination as is evident from the docket in this matter. Thus it is Plaintiff's position that the Mayor and Attorney General were properly served.

For the foregoing reasons, Defendant's motion to dismiss for improper service pursuant to Fed. R. Civ. P. 12(b)(5) should be denied.

However, if this service of process is not effective, despite compliance with the Mayoral Order, the Amended Complaint filed on October 19, 2005, and the clear showing that Defendant District of Columbia had actual knowledge and receipt of the original Complaint, Plaintiff seeks leave, as permitted by Fed. R. Civ. P. 4(m) to reserve the District of Columbia with Summons and Amended Complaint. The statue of limitation in this case has run and a dismissal at this time would be with prejudice. The Defendant will not be prejudiced in any way if Plaintiff is permitted to re-serve the Defendant so that this matter could either be settled or adjudicated on the merits. *See e.g.*, Dunn v. Profitt, 408 A.2d 991, 993 (D.C. 1979) (recognizing a strong policy favoring trial on the merits); *see also* Jones v. Hunt, 298 A.2d 220 (D.C. 1972) (same); *see also* Garces v. Bradley, 299 A.2d 142, 144 (D.C. 1973) (finding abuse of discretion in failure to reinstate complaint were there is no apparent prejudice to appellee); *see also* Braxton v. McNamara, 429 A.2d 183 (D.C. 1981) (finding abuse of discretion where a motion to reinstate was denied).

**II.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS COUNT'S VII AND X ALLEGING NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE**

It is well settled in the District of Columbia that the "same course of conduct may support both a claim of assault and battery and a claim of negligence" if the defendant is shown to have breached a duty owed to the plaintiff in addition to commission of an intentional tort. McCracken v. Walls-Kaufman, 717 A.2d 346, 351 (D.C. 1998). Although there is a clear distinction between

9

an assault and battery tort where there is a claim of excessive force and a negligence claim involving allegations of excessive force, the inquiry for claims involving negligence is whether the officers' conduct violated the standard of care of a reasonably prudent police officer. *Holder v. District of Columbia*, 700 A.2d 738, 742 (1997).

In the case *sub judice*, Plaintiff's negligence count is premised on various distinct facts from the facts relating to assault and battery. The Defendant basis its argument of facts alleged only under Count X of the complaint without recognizing the facts set forth in preceding paragraphs incorporated by reference in the section. Plaintiff's negligence count incorporated preceding paragraphs whereby Plaintiff alleged that he was tackled from behind without any warning or instructions to stop or justification and was beaten while he was helpless on the ground. In addition, the defendant Officers did not have any warrant to arrest Plaintiff or reasonable articulable suspicion that he was burglarizing his own residence or destroying his property. Further, after Plaintiff was beaten and arrested he was transported to the Third District despite the fact that he was severely injured and needed immediate medical assistance but was not provided any medical attention until another officer asked the Defendant Officers to take Plaintiff to a hospital. It is undisputed that Plaintiff's negligence claim hinges on the fact the Defendant Officers failed to act as a reasonably prudent officer would have acted under the same circumstance since there are deficiencies in the handling of the situation by Defendant Hector and Defendant Grajales immediately before the arrest and after the Plaintiff was severely beaten. There is no doubt that defendant Officers breached both the duty imposed on everyone to refrain from intentionally injuring another and the special duty that a police officer owes to a citizen not to subject him to unreasonable search and seizure especially under the circumstance where the police officers were dressed in plain clothes. The District in its motion to dismiss is attempting to

confine Plaintiff's negligence claim to breach of duty premised on alleged assault and battery. However, the District failed to consider that if Defendant Officers' tackling of Plaintiff was accidental then they were possibly negligent in their conduct further giving rise to a claim for negligence under the same set of facts.

In *Holder* the court discussed in detail the similarity between negligence and assault and battery. *Id* at 742-43. The Court in *Holder*, stated that in some cases the District of Columbia Court of Appeals has equated use of excessive force to negligence. Id at 742 (citing *District of Columbia v. Evans*, 644 A.2d 1008, 1023 (D.C. 1994). Similarly, it has refereed to excessive force as both assault and battery and negligence. *See Etheredge v. District of Columbia*, 635 A.2d 908, 916-18 (D.C. 1993); *See also District of Columbia v. White,* 442 A.2d 159 (D.C.1982)(both counts of negligence and assault were submitted to the jury). There is nothing that prohibits the Plaintiff from proceeding on alternative theories, negligence, gross negligence and assault and battery. The plaintiff has not attempted to plead assault as a negligence claim.

Furthermore, in *Marusa v. District of Columbia et al*, 484 F.2d 828 (D.C. Cir. 1973), the Court reversed the trial court granting of District of Columbia's motion to dismiss recognizing that a complaint which sought to hold the District of Columbia liable for negligence in hiring a police officer and in failing to train and supervise him adequately stated a cause of action. Similarly in the case *sub judice*, Plaintiff alleged by adoption under its negligence count, District of Columbia's failure to train, supervise and control its officers. *See Carter v. Carlson*, 447 F.2d 358 (D.C. Cir. 1971). Therefore, Plaintiff's negligence claim against the District of Columbia and Officer Hector and Grajales should not be dismissed.

In this case, the Plaintiff has pled negligence, gross negligence and negligent infliction of emotional distress based on the conduct of the police officers behind his residence on August 4,

2002 and subsequently at the police precinct when it failed to ensure that Plaintiff receive medical attention following his severe injuries and the failure of the District of Columbia to train and supervise the officers adequately. Moreover, with respect to Plaintiff's negligence claim, there is sufficient evidence from which a jury could conclude that Defendant Officers did not exercise ordinary care in confronting Mr. Tafler, and that their negligence was the proximate cause of Plaintiff's injuries. *See e.g. Croley v. Republican Nat. Committee*, 759 A.2d 682 (D.C. 2000). In the event the court agrees that Plaintiff has not stated sufficient facts to show that the officers' conduct violated the standard of care of a reasonably prudent officer, the Court should permit Plaintiff to amend his complaint to cure this deficiency.

### III. PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTION DISTRESS SHOULD NOT BE DISMISSED BECAUSE IT WAS PLED AS A CLEAR AND DISTINCT TORT

In certain cases where a "tort claim is intertwined with a claim for which a statute of limitation is specifically provided, here the assault claim, then the entire claim will be controlled by the specified statute of limitations." *Mullin v. Wash. Free Weekly, Inc.*, 785 A.2d 296 (D.C. 2001). In order to determine whether Plaintiff's claim is controlled by one year statute, the Court must determine whether Plaintiff's amended complaint set out a claim only for assault or battery or other intentional tort to which one-year statute of limitation applies or whether in addition to or instead of such a claim Plaintiff's amended complaint states a claim of a different nature that is governed by the three-year residuary provisions applicable to causes of action for which limitation is not otherwise specifically prescribed under D.C. Code § 12-301(8).

In actions for intentional infliction of emotional distress, the applicable statute of limitation is properly determined by the nature of the underlying acts. The District asserts that Plaintiff's claim is best characterized as one for assault and battery and hence subject to the one-

year limitations. Nonetheless, it is well settled that in a determination of the applicable statute of limitations, the plaintiff's characterization is not controlling. *See* <u>Saunders v. Nemeti</u>, 580 A.2d 660, 662 (D.C. 1990) (reversing dismissal on grounds of time bar based on one year statute of limitations, of claim for intentional infliction of emotional distress). Here, as enumerated in preceding section, Plaintiff's has stated a claim for negligence in addition to his distinct tort of intentional infliction of emotional distress. As such, Plaintiff's claim for intentional infliction emotional distress is subject to its own three-year statute of limitation. *See e.g.* <u>Saunders v. Nemeti</u>, 580 A.2d at 662; *see also* <u>Rochon v. FBI</u>, 691 F.Supp. 1548, 1562 (D.D.C. 1988).

  Defendant contends that Plaintiff refers to the alleged assault and battery, false arrest and false imprisonment in support of his claim for intentional infliction of emotional distress. As stated by the Court in <u>Sanders</u>, "the tort of assault is designed to protect a person's interest to be free from apprehension of intentional physical contact. On the other hand, the tort of intentional infliction of emotional distress was recognized to protect persons from any extreme and outrageous conduct calculated to cause serious mental distress. The interests being protected are thus distinct." <u>Saunders v. Nemeti</u>, 580 A.2d at 664. Accordingly, Defendants conducts enumerated in preceding sections which are clearly extreme and outrageous have caused Plaintiff serious mental distress. Plaintiff has been clinically diagnosed with bipolar disorder following the incident on August 4, 2002 and has continued to experience manic episodes.

  In situations were there is doubt as to which period of time should apply, the longer period is to be preferred. <u>See</u> 51 Am. Jur. 2d *Limitation of Actions* § 863, at 641-42 (1970). Adopting the reasoning in <u>Sanders</u>, "this would seem particularly warranted here, given the emphasis in residuary provision of subsection (8) that a three-year limitation period shall apply

where a limitation period 'is not otherwise specifically prescribed.'" *Saunders v. Nemeti*, 580 A.2d at 665.

In sum, Plaintiff's claim for intentional infliction of emotional distress is not time barred.

## CONCLUSION

The Court should deny District of Columbia's motion to dismiss Counts II, III, V, VII, and X of Plaintiff's Amended Complaint.

        Respectfully submitted,
        THE IWEANOGES' FIRM P.C.


By:_____/s/_____
        Jude C. Iweanoge
        Federal District Building-Suite 600
        1010 Vermont Avenue, NW
        Washington, DC 20005
        Phone: (202) 347-7026
        Fax: (202) 347-7108
        Email: jci@iweanogesfirm.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 30th December 2005 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

        _____s_____
        Jude C. Iweanoge