UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD TAFLER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-1563 (PLF) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S[1] MOTION TO DISMISS**

Plaintiff's Memorandum in Opposition to Defendant District of Columbia's Motion to Dismiss is ultimately unpersuasive and therefore does not defeat the District's Motion.

As a preliminary matter, Plaintiff's recitation of "Background Facts" includes many factual assertions beyond those alleged in the Amended Complaint, and provides no citation to the Complaint or any portion of the record. Thus, this portion of Plaintiff's Opposition should be ignored by the Court in considering the District's arguments in favor of dismissal pursuant to Rule 12(b)(6).[2] *See, e.g., United States ex rel. Walker Seal Cos. v. Liberty Mut. Ins. Co.*, 356 F. Supp. 1, 2 (D.D.C. 2005) ("In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court 'may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the Court may take

---

[1] As explained *infra,* the individual Defendants have not yet been served by Plaintiff and should be dismissed.

[2] The District's arguments for insufficiency of service of process are brought pursuant to Rule 12(b)(5).

judicial notice.'") (quoting *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

    **I.    Plaintiff Concedes That Counts II, III, VI, VII and IX Should Be Dismissed.**

Plaintiff offers no argument in opposition to the District's argument that Plaintiff's claims for assault and battery (Count VI), false arrest (Count VII), and false imprisonment (Count IX) should be dismissed for failure to comply with the one-year statute of limitations. *See* Mem. in Supp. of Def.'s Mot. to Dismiss at 10-11. Thus, it appears that Plaintiff concedes that Counts VI, VII and IX should be dismissed.

Plaintiff also offers no argument in opposition to the District's assertion that Plaintiff's claims for "denial of due process – procedural and substantive" (Count II) and conspiracy to violate civil rights (Count III) should be dismissed for failure to state a claim upon which relief can be granted. *See* Mem. in Supp. of Defs.'s Mot. to Dismiss at 14-15. The District requests that this argument also be treated as conceded by Plaintiff, and that the Court dismiss Counts II and III.

    **II.    The Court Should Reject Plaintiff's Arguments Regarding Service of Process**

        **A.    Plaintiff Has Failed to Serve the Individual Defendants**

Although Plaintiff filed this matter on August 3, 2005, Plaintiff has yet to file valid affidavits of service indicating that service has been effectuated on the individual Defendants. Plaintiff admits that he has not served the individual officers, but protests that the time for service has not yet passed because he has filed an Amended Complaint. Opp. at 6. Plaintiff offers no legal support for this proposition, which contradicts the plain language of Fed. R. Civ. P. 4(m). Instead, Plaintiff's contention attempts to carve

out an exception to the three-year statute of limitations: Plaintiff's Complaint was filed one day short of the expiration of that statute and, by delaying service on the officers, Plaintiff has failed to provide them with notice of the claims against them and the opportunity to prepare a defense for three years, five months and counting. The effect of this failure is a *de facto* extension of the statute of limitations that the District submits should not be countenanced.

Moreover, it should be noted that Plaintiff states that he was not aware of the typographical error in his Complaint – listing the date of the incident that gave rise to his Complaint as August 4, 2005, which was one day *after* the Complaint was filed – until counsel for the District informed him of the error on October 17, 2005. Opp. at 4. This is false; undersigned counsel contacted Plaintiff the day she received a copy of the Complaint, September 28, 2005, to inquire when the incident actually occurred since it was clear from the alleged date of the incident in the Complaint and the date the Complaint was filed that the Complaint was incorrect. Despite this notice from opposing counsel, Plaintiff waited another three weeks before filing a Motion for Leave to Amend on October 17, 2005. Thus, the practical effect of Plaintiff's argument that the filing of the Amended Complaint controls the 120 period for service of process under Rule 4(m) is to improperly allow Plaintiff to bypass the statute of limitations *and* the Federal Rules of Civil Procedure. The District submits that such tactics are improper.

Plaintiff's excuse that he could not serve Messrs. Hector and Grajales "because of the holiday," Opp. at 7, is not persuasive. The docket indicates that summonses were re-issued for the individual Defendants on November 16, 2005. Undersigned counsel informed Plaintiff on September 28, 2005 that the individual Defendants were not

3

properly served, and reiterated this in the Consent Motion for Extension of Time filed on September 29, 2005.[3] Moreover, Plaintiff has had more than five months since he has filed his Complaint to effectuate proper service on the individuals and cannot blame a holiday for his failure to do so. Aside from his own lack of diligence, Plaintiff has not offered any showing of good cause to support an extension of the 120-day period for service of process as is required, especially given that Plaintiff did not request an extension to serve the individuals prior to the expiration of the 120-day period as required by the Rule. *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004). Thus, the District requests that the individual Defendants be dismissed from this case with prejudice.

### B.     Plaintiff Has Failed to Properly Serve the District

With respect to service on the District of Columbia, Plaintiff accuses undersigned counsel of "slyly requesting extension [sic] of time" in order to allow the 120 day time period for service to expire so that the District could raise improper service in support of dismissal. Opp. at 6. Plaintiff also takes issue with the fact that undersigned counsel did not advise his lawyer that the District was not properly served.[4] *Id.* Undersigned counsel presumed that Plaintiff's counsel, was familiar with the basic legal requirements of service of process on the Mayor of the District of Columbia.[5] The District submits that it

---

[3] The District submits that the Court also should not be persuaded by Plaintiff's argument that his lawyer did not know that the individuals were not served until he spoke to undersigned counsel. Plaintiff's counsel filed affidavits of service stating that the individuals were personally served. It was incumbent upon him to ensure that these affidavits were correct.

[4] Plaintiff does admit that undersigned counsel advised him that the individual defendants were no longer employees of the MPD and that the individual defendants were not properly served – notwithstanding the affidavits filed on behalf of Plaintiff swearing that the individuals were personally served. Opp. at 7.

[5] Plaintiff claims that the Attorney General was properly served. Opp. at 9. Although "M. Smith" is not a designee for the Attorney General of the District of Columbia, proper service on the Attorney General is of

4

should not be required to educate Plaintiff's counsel on how to bring a lawsuit against it. Moreover, the District clearly indicated in both of its Consent Motions for Extension of Time that it did not waive its right to proper service. In short, Plaintiff has only his lawyer to blame for failing to properly serve the District.

Plaintiff also takes issue with the fact that the District attached a November 9, 2005 memorandum from the Interim Secretary of the District of Columbia listing the authorized designees for service of process on the Mayor and the District and argues that "[s]ince Plaintiff cannot tell the future, there is no way the District would now contend that Plaintiff should have served either Tabatha Braxton or Gladys Herring instead of M. Smith, when Ms. Braxton and Ms. Herring were designated after Plaintiff's summons was served on the District of Columbia." Opp. at 8. Once again, it appears that Plaintiff seeks the guidance of the District of Columbia as to how to bring a case against it. In that vein, the District states that Ms. Braxton and Ms. Herring have been the Mayor's designees for service since the Mayor's Order of May 14, 2004. "M. Smith" has never been a designee for service of process for the Mayor.[6]

In a flurry of activity on January 3, 2006, Plaintiff filed affidavits of service indicating that the Mayor and the Attorney General were served. The District submits that such service is improper. First, Plaintiff has not demonstrated good cause for failure

---

no moment since, as this Court has observed that "Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process 'upon a state, municipal corporation, or other governmental organization.' The Rule states that service shall be effected by delivering a copy of the summons and the complaint to the chief executive officer (the Mayor of the District of Columbia, in this instance), or 'by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.'" *Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005) (Friedman, J.), quoting Fed. R. Civ. P. 4(j)(2). Thus, while the Rules of the Superior Court of the District of Columbia require service on the Attorney General, service on the Mayor is sufficient under the Federal Rules.

[6] Plaintiff's reliance on *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004) to support his assertion that service on any employee of the District is misplaced, as this opinion clearly supports the arguments of the District. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 7-8.

to timely serve or to even request an extension within the 120-day time period permitted for service. *See TIG Ins. Co. v. 2200 M St.,* 216 F.R.D. 2, 3 (D.D.C. 2003) ("If the plaintiff fails either to effect service within the specified time or to show good cause for failing to effect service, the court may dismiss the action without prejudice."). Second, Plaintiff has been on notice since as early as September 29, 2005, when the District filed its Consent Motion for Enlargement of Time, that the District did not waive its right to proper service. Indeed, the District raised its specific arguments regarding proper service in its Motion to Dismiss on December 5, 2005. Despite this notice, Plaintiff still waited nearly a month before attempting to properly serve the District.

### III.   Plaintiff's Negligence Claims Must Be Dismissed For Failure to State a Proper Claim

With respect to the District's arguments that Plaintiff's claims of negligence and negligent infliction of emotional distress should be dismissed for failure to state a claim, Plaintiff completely ignores the holding of *District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003), and instead attempts to rely on cases that pre-date *Chinn*.

The District does not dispute Plaintiff's contention that he may proceed with his claim under different theories; however, there should also be no dispute that Plaintiff must plead facts to support the elements of the causes of action he sets forth. *See Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997). In a case involving allegations of use of excessive force by a police officer, the District of Columbia Court of Appeals has clearly stated that the "negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." *Chinn*, 839 A.2d at 711.

Plaintiff has not done so – instead, he continues to rely on the alleged excessive force as the basis for his negligence claim. *See, e.g.,* Opp. at 10 ("It is undisputed that Plaintiff's negligence claim hinges on the fact the Defendant Officers failed to act as a reasonably prudent officer would have acted under the same circumstance since there are deficiencies in the handling of the situation by Defendant Hector and Defendant Grajales immediately before the arrest and after the Plaintiff was severely beaten.").

Moreover, as the Plaintiff seeks to rely on alleged use of excessive force as the basis for his negligence claim, such a claim can only be accurately characterized as a claim for assault and battery. *See Holder,* 700 A.2d at 742 ("'excessive force' 'is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties.'") (quoting *District of Columbia v. Tinker,* 691 A.2d 57, 64 (D.C. 1997). Thus, the claim would, in any event, be barred by the one-year statute of limitations applicable to assault and battery claims. *Tinker*, 691 A.2d at 63-64; *see also Maddox v. Bano*, 422 A.2d 763 (D.C. 1980).[7]

### IV. Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed for Failure to Comply With the One-Year Statute of Limitations.

Finally, Plaintiff claims that the Court should not dismiss his cause of action for intentional infliction of emotional distress as he pled it as a "clear and distinct tort." Opp. at 12. Plaintiff has overlooked case law on this issue which holds that the one-year statute of limitations applies to claims for emotional distress where the claim is not independent of the alleged assault and battery by police officers. *See Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991); *Tinker*, 691 A.2d at 63-64. Hence, Plaintiff's

---

[7] Plaintiff requests that the Court permit him to amend the negligence claim in his Complaint. The District contends that the statute of limitations has now passed and therefore objects to permitting Plaintiff to amend.

claim for intentional infliction of emotional distress must fail as it is solely related to the assault and battery claim and was filed well beyond the one-year statute of limitations. *See* Am. Compl. ¶ 35.

Thus, for the reasons set forth above and in the District's Memorandum in Support of Its Motion to Dismiss, the District requests that the Court dismiss Plaintiff's claims and enter judgment in favor of the Defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/_____
NICOLE L. LYNCH (471953)
Chief, Section II


____/s/_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov