UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HOWARD TAFLER, | ) | |
| Plaintiff, | ) | C.A. No. 05-1563 (PLF) |
| v. | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANT OSCAR GRAJALES' MOTION TO DISMISS[1]**

Defendant Oscar Grajales, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(5), respectfully requests that the Court dismiss Plaintiff's Complaint for lack of proper service. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to properly serve Mr. Grajales. Thus, Mr. Grajales must be dismissed from this case.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


___/s/_____
NICOLE L. LYNCH (471953)
Chief, Section II

---

[1] By filing this Motion to Dismiss, Mr. Grajales does not waive service of process or his right to proper service of process.

         /s/
_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD TAFLER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-1563 (PLF) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OSCAR GRAJALES' MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS**

On August 3, 2005 Plaintiff filed the above-captioned matter against the District of Columbia and former Metropolitan Police Department ("MPD") Officers Anthony Hector and Oscar Grajales, alleging constitutional and common law tort claims arising from his arrest on August 2, 2002. Plaintiff subsequently filed an Amended Complaint on October 17, 2005. The Amended Complaint appears to only correct the date that Plaintiff alleges the incident occurred.[2]

On September 9, 2005, a Mr. Adrian K. Bean executed a Return of Service for Mr. Hector and Mr. Grajales. The return of service indicates that both of these officers were allegedly personally served at the MPD Third District Station at 1620 V Street, N.W. The District thereafter filed a Motion to Dismiss on December 5, 2005 arguing, *inter alia*, that no Defendant had been properly served. With respect to the individual officers, the District argued that it appeared very likely that Plaintiff's Affidavits of service were false, in that neither Mr. Hector nor Mr. Grajales were still MPD employees,

---

[2] The original Complaint alleged that the date of the incident was August 4, 2005, which was one day *after* Plaintiff filed his original Complaint.

and thus it was unlikely that personal service had been effected upon them at their former place of employment.

Plaintiff did not dispute that the Affidavits of service were false, and instead on February 15, 2006 Plaintiff moved the Court for additional time to serve Mr. Grajales. The Court granted Plaintiff's Motion, and allowed Plaintiff up to and including April 18, 2006 to file proof of proper service with the Court, stating specifically that if Mr. Grajales was not served by this date, Mr. Grajales would be dismissed pursuant to Fed. R. Civ. P. 4(m). On April 18, 2006, Plaintiff again moved the Court for additional time to file his proof of service, stating that Mr. "Grajales has just been recently served in Austin Texas, through the services of a process server based in Austin Texas after several months of continous [sic] attempts to serve him." Pl.'s Mot. to Extend Time to File Proof of Service on Def. Grajales at 2.

It appears that once again Plaintiff has made inaccurate representations to the Court as Oscar Stefan Grajales – the named Defendant in this lawsuit – has not been served in this case. Rather, Plaintiff has served process on Oscar Manuel Grajales, the father of the named Defendant in this case. Moreover, as Mr. Grajales states in his Affidavit attached hereto as Exhibit 1, he does not live with his father. In fact, he does not live in Texas, but resides in the state of Vermont.[3] Ex. 1 at ¶ 3. Although Mr. Grajales' father informed Plaintiff's process server that he had served the incorrect individual and that the person to be served lived in New England, the process server left the process with Mr. Grajales' father. *Id.* at ¶ 6.

---

[3] The District previously represented to the Court that, upon information and belief, Mr. Grajales resided in Texas. This representation was based on undersigned counsel's communications with the MPD Office of General Counsel, who reviewed Mr. Grajales' personnel jacket and found that the last address on file for Mr. Grajales was in Texas. As explained in Ex. 1 at paragraph 4, when Mr. Grajales left the MPD he was in the process of relocating and did not provide the MPD with an updated address.

2

Federal Rule of Civil Procedure 4(e) governs the service of process upon individuals within a judicial district of the United States. This rule states as follows:

> (e) Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, Plaintiff had the option of serving Mr. Grajales by the law of the state in which he lives, which is Vermont, by personal service upon Mr. Grajales, or by serving someone who resided with Mr. Grajales.

In this case, Plaintiff has not accomplished service by any lawful method. First, it is undisputed that Plaintiff did not personally serve Mr. Grajales. Even Plaintiff's return of service admits that Plaintiff served Mr. Grajales' father and not the named Defendant in this lawsuit. Second, Plaintiff did not serve Mr. Grajales by serving an individual living in Mr. Grajales' dwelling house or usual place of abode. As Mr. Grajales' Affidavit demonstrates, Mr. Grajales does not live with his father in Texas; rather, he lives in Vermont. Ex. 1 at ¶¶ 3, 5, 6. Moreover, Plaintiff's process server was informed that Mr. Grajales did not live with his parents in Austin, Texas. Thus, Plaintiff was well aware of the fact that he had not properly served Mr. Grajales pursuant to Fed. R. Civ. P. 4(e)(2).

Because Mr. Grajales is a resident of the State of Vermont, Fed. R. Civ. P. 4(e)(1) permits Plaintiff to serve Mr. Grajales pursuant to the laws of that state. Vermont's rules for personal service provide as follows:

> Personal service within the state shall be made as follows: (1) Upon an individual by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. The court, on motion, upon a showing that service as prescribed above cannot be made with due diligence, may order service to be made by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode, or to be made by publication pursuant to subdivision (g) of this rule, if the court deems publication to be more effective.

Vt. R. Civ. P. 4(d)(1). It is undisputed that Plaintiff did not personally serve Mr. Grajales personally, or by leaving a copy of the summons and complaint at Mr. Grajales' dwelling house or usual place of abode with an individual of suitable age and discretion, or by delivering the summons and complaint to an authorized agent. Ex. 1. Thus, pursuant to Fed. R. Civ. P 4(m), this matter must be dismissed as to Mr. Grajales. As Plaintiff has had approximately 267 days from the filing of his complaint, including two extensions of time, to serve Mr. Grajales, the Court should not again extend the time for service on Mr. Grajales.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


\_\_/s/_____
NICOLE L. LYNCH (471953)
Chief, Section II


\_\_/s/_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov