# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | |
|---|---|
| **HOWARD TAFLER** | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) **Civil Action No: 05CV01563 (PLF)** |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al** | ) |
|     **Defendant(s)** | ) |

**********************************

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR LEAVE TO ENLARGE TIME FOR SERVICE OF SUMMONS

COMES NOW, the Plaintiff, Howard Tafler, by and through his attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendant Grajales Motion to Dismiss for lack of proper service. In support of this motion, Plaintiff states as follows:

1. That Plaintiff incorporates by reference all previously filed opposition to Defendants motion to dismiss, as if fully set forth herein.

2. That this case arose out of civil rights violation that resulted in severe bodily injuries to the Plaintiff.

3. That subsequently and in good faith, Plaintiff filed the lawsuit to toll the statute of limitation, which ran on August 4, 2005.

4. That pursuant to the affidavit of service previously filed by Plaintiff's investigator, service of summons was received on behalf of Defendant Grajales and Hector at the Third District Police Precinct.

5. That following the filing of the affidavit of service on Defendants Grajales and Hector, counsel for the District of Columbia informed undersigned counsel that the Defendant Officers

were not properly served because they are no longer employed by Metropolitan Police Department.

6. That Defendant District of Columbia's counsel further advised this Court in its original motion to dismiss that Defendant Grajales resided in Austin Texas.

7. That Defendant Grajales through the same counsel is now apprising the Court after service of complaint and summons in this matter at Defendant's last known address as conceded by Defendant's counsel that Defendant Grajales has been residing in Vermont since January 2004.

8. That diligent search of public records by Plaintiff, revealed all possible addresses for Defendant Grajales and there was no record of any address in the state of Vermont for Defendant Grajales. See Exhibit 1.

9. That Plaintiff properly served Defendant Grajales by delivering to his address of record the summons and complaint in this matter, which was received by Oscar Manuel Grajales, an adult over the age of eighteen, as evidence from the return of service filed on April 19, 2006.

10. That Courts have held that actual notice is the goal of this role relating to personal service of summons. Hannah v. Plumer, 380 U.S. 460 (1965); see also Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967).

11. That Defendant Grajales contends that he should be dismissed from this lawsuit because he was not served in compliance with Federal Rule of Civil Procedure 4(e). Nonetheless, as recognized by the courts, the primary functions of Fed. R. Civ. P. 4 is to provide the mechanisms for bringing *notice of the commencement of an action* to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." Hagmeyer v. U.S. Dept. of

Treasury, 647 F. Supp. 1300, 1303 (D.D.C. 1986) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1063, at 204 (1969 & Supp.1977)) (emphasis added).

12. That in general, the "attitude of the federal courts is that the provisions of Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the Rule itself." FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300 at n. 61 (D.C.Cir.1980). See, e.g., Blackhawk Heating v. Turner, 50 F.R.D. 144 (D.C.Ariz.1970) (holding the same). This attitude, which is shared by this Court, is consistent with the modern conception of service of process as primarily a notice-giving device.

13. That even if service was technically improper, this Court should consider the Defendant's prior assertions that Defendant resides in Austin Texas, and Plaintiff's diligent search of public records which revealed that Defendant Grajales possible current address is in Austin Texas.

14. That requesting the leave of court to cure this minor procedural flaw and serve Defendant Grajales in Vermont is unnecessary and would be a wasteful exercise because Defendant Grajales already has notice of this action and would not be prejudiced by any failure to re-serve him in his alleged new residence in the state of Vermont. Moreover, Defendant Grajales is represented by the same counsel for District of Columbia who has been on this case since its inception in August 2005.

15. That the Court should look to the record in this case, and nominal purpose that any further service of Defendant Grajales will accomplish and deem personal service to be accomplished even in the face of the new residence stated in Defendant Grajales affidavit, which is not supported by public record as evidence by Exhibit 1.

16. That at the every least, should the Court deem that service on Defendant Grajales was improper in this case, the Plaintiff would request the opportunity for the complaint and summons to be served consistent with Fed. R. Civ. Proc. 4(e) at this newly disclosed location.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court:

A. Deny Defendant's motion to dismiss;

B. Deny the relief requested therein;

C. Order Defendant Grajales to file a responsive pleading in the instant matter as to all counts;

D. Alternatively, grant Plaintiff leave to obtain new summons and serve Defendant Grajales at his newly disclosed residence in Vermont;

E. Grant Plaintiff additional 45 days from date of the new summons to serve Defendant Grajales; and

F. Grant him such other and further relief as the nature of her cause may require

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____/s/_____
Jude C. Iweanoge
Federal District Building-Suite 600
1010 Vermont Avenue, NW
Washington, DC 20005
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8th May 2006 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                                       /s/
                                                     Jude C. Iweanoge