UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HOWARD TAFLER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-1563 (PLF) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
GRAJALES' MOTION TO DISMISS/OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO ENLARGE TIME FOR SERVICE OF SUMMONS**

In his Memorandum in Opposition to Defendant Grajales' Motion to Dismiss for failure to effectuate proper service, Plaintiff asks this Court to ignore Rule 4 of the Federal Rules of Civil Procedure for what Plaintiff refers to as a "minor procedural flaw," and that actual compliance with the Rule would be a "wasteful exercise." Opp. at ¶¶ 14. In short, Plaintiff seeks to contend that service of process on an individual who is not Defendant Grajales, at a place where Mr. Grajales does not reside, in a location two thousand miles away from where Mr. Grajales does live, somehow qualifies as personal service. Plaintiff offers no legal support for this proposition.[1] In the alternative, Plaintiff seeks another extension of time to serve Mr. Grajales.

Plaintiff first attempts to argue that actual notice of proceedings supersedes the service of process requirements of Rule 4. This position is contradicted by well-established law. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004)

---

[1] The cases Plaintiff cites are not on point. For example, the only case Plaintiff cites from this jurisdiction addresses compulsory process to secure the appearance of witnesses and the production of documents. *FTC v. Compaigne de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312 n.61 (D.C. Cir. 1980).

("While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service." (internal quotations and citations omitted); *see also Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997). Thus, Plaintiff's argument that because Mr. Grajales fortuitously received word of this lawsuit excuses Plaintiff's failure is without merit.[2]

Judges of this Court have also recognized that "[t]he law is clear that 'the party on whose behalf service is made has the burden of establishing its validity when challenged.'" *Winder v. Erste*, 2005 U.S. Dist. LEXIS 5190 at *8 (D.D.C. Mar. 31, 2005) (Bates, J.), quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *see also Norlock v. City of Garland*, 768 F.2d 654, 656 (D.C. Cir. 1985) ("Once the validity of service of process has been contested, the plaintiff must bear the burden of establishing its validity.") (internal citations and quotations omitted).

In this case, Plaintiff has offered no credible evidence to contradict Mr. Grajales' Affidavit which states that he does not live in Texas, and that his residence has been in Vermont since January, 2004. Mot., Ex. 1 at ¶ 3. Plaintiff has filed with his Opposition Memorandum the first page of what appears to be a thirteen page background check, and argues that this particular page of the computerized check did not reveal that Mr. Grajales resided in the State of Vermont. This partial check is not sufficient to contradict Mr. Grajales' sworn Affidavit attesting to his residence. Thus, Plaintiff has not met his

---

[2] Plaintiff implies that his failure to properly serve Mr. Grajales is the fault of defense counsel. Opp. at ¶¶ 6-7. Undersigned counsel provided the last known whereabouts of Mr. Grajales in good faith. As indicated by Mr. Grajales, the District of Columbia was not provided with Mr. Grajales' most recent address. Mot., Ex. 1 at ¶ 4. Indeed, Mr. Grajales' father informed Plaintiff's process server that the named defendant in this case did not reside in Texas. *Id.* ¶ 6. Thus, the blame for improper service lies squarely on Plaintiff.

burden and the Motion to Dismiss must be granted. *See Winder*. 2005 U.S. Dist. LEXIS 5190 at *9-*10.

With respect to Plaintiff's request for additional time to serve Mr. Grajales, Defendants submit that Plaintiff has not demonstrated good cause to justify this relief. Plaintiff filed this matter on August 3, 2005. Thus, he has had over nine months to serve Mr. Grajales. Rather than effectuate proper service, Plaintiff has filed two false affidavits indicating that Mr. Grajales was personally served. Defendants submit that Plaintiff has had ample opportunity to effectuate proper service and has failure to properly do so does not constitute grounds for additional time.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


 /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov