UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD TAFLER,                )<br>                              )<br>         Plaintiff,           )<br>                              )   Civil Action No. 05-1563 (PLF)<br>   v.                         )<br>                              )<br>THE DISTRICT OF COLUMBIA, *et al.*,  )<br>                              )<br>         Defendants.          )<br>_____)| |

**DEFENDANT DISTRICT OF COLUMBIA'S AND ANTHONY HECTOR'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants District of Columbia and Anthony Hector, by and through undersigned counsel, hereby answer Plaintiff's Amended Complaint as follows:

**First Defense**

The Amended Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Introduction

1.  Defendants deny the allegations contained in paragraph 1 of the Amended Complaint and demand strict proof thereof at trial.

Jurisdiction & Venue

2.  Defendants acknowledge the existence of the statutory authorities set forth in paragraph 2 of the Amended Complaint, but deny that they necessarily confer jurisdiction over these Defendants and this matter to the Court.

3.  The allegations in paragraph 3 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 3

contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

### Parties

4. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 4 of the Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof at trial.

5. Defendants admit that the District of Columbia is a municipal corporation.

6. Defendants admit that the Metropolitan Police Department is an agency of the District of Columbia.

7. The allegations in paragraph 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 7 contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

8. The allegations in paragraph 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 8 contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

### Facts

9. In response to paragraph 9 of the Amended Complaint, Defendants admit that Plaintiff was arrested in the vicinity of the 1700 block of U Street, NW on August 4, 2002. Defendants deny the remaining allegations of paragraph 9.

10. Defendants deny the allegations contained in paragraph 10 of the Amended Complaint.

11.     In response to paragraph 11 of the Amended Complaint, Defendants admit that Plaintiff was arrested and transported to the Third District for processing. Defendants deny the remaining allegations of said paragraph.

12.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof at trial.

## FEDERAL CAUSES OF ACTION
### COUNT I
(Fourth Amendment Violations)

13.     Defendants adopt and incorporate by reference their responses to paragraphs 1 through 12 as if fully set forth herein.

14.     The allegations in paragraph 14 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 14 contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

15.     The allegations in paragraph 15 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 15 contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

16.     Defendants deny the allegations in paragraph 16 of the Amended Complaint.

### COUNT II
(Denial of Due Process – Procedural and Substantive)

17.     Defendants adopt and incorporate by reference their responses to paragraphs 1 through 17 as if fully set forth herein.

18.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 18.

19.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 19.

Count III
(Conspiracy to Violate Civil Rights)

20.     Defendants adopt and incorporate by reference their responses to paragraphs 1 through 19 as if fully set forth herein.

21.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 21.

22.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 22.

23.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 23.

24.     The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 24.

Count IV
(Failure to Train, Supervise, and Control)

25.     Defendants adopt and incorporate by reference their responses to paragraphs 1 through 24 as if fully set forth herein.

26.     The allegations in paragraph 26 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent paragraph 26 contains factual allegations to which a response is deemed required, Defendants deny the allegations and demand strict proof thereof at trial.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

STATE CAUSES OF ACTION
COUNT V
(Intentional Infliction of Emotional Distress

34. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 33 as if fully set forth herein.

35. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 35.

36. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 36.

Count VI
(Assault and Battery)

37. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 36 as if fully set forth herein.

38. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 38.

39. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 39.

40. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 40.

41. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 41.

Count VII
(Negligent Infliction of Emotional Distress)

42. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 41 as if fully set forth herein.

43. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 43.

44. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 44.

Count VIII
(False Arrest)

45. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 44 as if fully set forth herein.

46. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 46.

47. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 47.

48. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 48.

49. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 49.

Count IX
(False Imprisonment)

50. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 49 as if fully set forth herein.

51. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 51.

52. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 52.

53. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 53.

54. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 54.

55. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 55.

COUNT X
(Negligence and Gross Negligence)

56. Defendants adopt and incorporate by reference their responses to paragraphs 1 through 55 as if fully set forth herein.

57. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 57.

58. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 58.

59. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 59.

60. The Court has dismissed this claim, therefore Defendants need not respond to the allegations in paragraph 60.

Furthering answering, Defendants deny all allegations not specifically answered or otherwise responded to herein and duties that Plaintiff is entitled to the relief sought in the Amended Complaint.

### Third Defense

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

If Plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries were the result of his own intentional, illegal and otherwise wrongful conduct.

### Fifth Defense

If Plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of the acts of a person or persons other than Defendants.

### Sixth Defense

If Plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Seventh Defense

Defendants assert governmental immunity and qualified immunity.

### Eighth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (2001).

### Ninth Defense

Plaintiff may have failed to mitigate his damages.

### Tenth Defense

Plaintiff's claims are barred by the applicable statute of limitations, D.C. Code Section 12-301 (2001).

Defendants reserve the right to amend their Answer to the Amended Complaint and to raise any additional defenses that may be revealed by evidence learned throughout discovery.

### Set-off

Defendants assert a set-off against any judgment rendered against them for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Defendants hereby demand a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendants pray that the Amended Complaint against it be dismissed, and for costs.

Respectfully submitted,

EUGENE ADAMS
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
NICOLE L. LYNCH (471953)

Chief, Section II

_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov