UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOWARD TAFLER**<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No: 05CV01563 (PLF)<br>) |
| **THE DISTRICT OF COLUMBIA, et al**<br>    Defendant(s) | )<br>) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATED PROTECTIVE ORDER

As the Plaintiff has served upon Defendants document requests seeking the production of certain documents and as Defendants have asserted that certain documents requested contain confidential, personal and proprietary information, the disclosure of which would constitute the revealing of confidential, personal and proprietary police and personnel records, it is hereby stipulated and agreed by the Plaintiff and Defendants, through their counsel, that the Defendants will produce copies of said documents to Plaintiff's counsel under the following terms and conditions.

1.     The documents produced pursuant to this stipulated Protective Order identified as Confidential Documents are as follows:

   A. All citizen complaints in the possession, custody or control of the District of Columbia filed against Anthony Hector or documents of any kind in the possession, custody or control of the District of Columbia alleging misconduct of any kind by Mr. Hector.

   B. All investigative reports and documents regarding disciplinary actions taken by the District of Columbia against Anthony Hector while employed with Metropolitan Police Department.

C. All documents contained in Anthony Hector's Metropolitan Police Department Personnel File, Unit File, and Internal Affairs Division File.

D. All documents containing information or referring in any way to any personal information regarding Anthony Hector and Anthony Hector's spouse and children (referred to collectively as the "Hector Family"), including but not limited to home addresses; work addresses; school names and addresses; dates of birth; social security numbers; personal, business and school telephone numbers; and email addresses of the Hector Family.

E. Such additional documents as may be agreed upon by counsel.

2. Plaintiff Howard Tafler agrees that he shall not have access to documents or information containing or referring to personal information of the Hector Family, as defined by Section 1D of this Order, *supra*. To the extent that documents contain or refer to such personal information of the Hector Family, such information shall be redacted from the document before it is shown to Mr. Tafler.

3. All documents produced by defendant in connection with Plaintiff's request for production of Confidential Documents shall be produced with the understanding and agreement by Plaintiff, his counsel, and any expert witness by him or them employed, that the production is subject to the following conditions: Plaintiff's counsel shall not release or disclose said Confidential Documents or any of the information contained therein, except as follows:

    a.    to the Court;

    b.    to attorneys of record in this case, as well as their associated lawyers, legal assistants, secretarial and clerical and other personnel engaged in assisting them in litigation, provided that such persons first execute an affidavit and disclosure agreement in the form attached hereto (the "disclosure agreement"); and

    c.    to expert witnesses, if any, provided that such witnesses first execute a disclosure agreement.

d. to Mr. Tafler, but only in compliance with Section 2 of this Order.

4. All disclosure agreements shall be maintained by the receiving party's counsel, with copies provided to counsel for producing party. A copy of each executed disclosure agreement shall be provided to counsel for the producing party within five days of each execution.

5. Disclosure of Confidential Documents shall not be made to any person other than those listed in Paragraph 3(a)-(d) above without the prior express written consent of counsel for the producing party, or by prior order of Court.

6. In the event that Confidential Documents are submitted or used in this proceeding, such documents shall not lose their status as Confidential Documents through such use, and the parties shall take all steps reasonably required and available to protect the confidentiality of documents during such use. Any pleading or other submission filed in this proceeding which contains or refers to a Confidential Document or personal information of the Hector Family shall be filed under seal and shall be clearly marked as being filed under seal and as containing confidential information.

7. Within thirty (30) days of the final termination of this action, including all appeals, Plaintiff's counsel shall deliver to counsel for the Defendants a Certificate of Compliance with provisions of this Stipulated Protective Order. The Certificate of Compliance shall include a certification that Plaintiff's counsel has destroyed any and all notes, writings and/or recordings of any type pertaining to Confidential Documents covered by this Stipulated Protective Order. At this time, Plaintiff's counsel shall also return to Defendants all Confidential Documents produced by Defendants that are subject to this Stipulated Protective Order

(including without limitation copies in the possession of counsel's employees, consultants, contractors, experts and co-counsel), or certify that all such copies have been destroyed.

8. This Order does not preclude a party from seeking immediate relief from or enlargement of this Order, or from seeking such other relief or protective order as may be appropriate under the Federal Rules of Civil Procedure. Any party may apply to the Court for modification or enlargement of or release from this Order, whereupon timely notice shall be given to the other party and which party shall have no more than fifteen (15) days in which to respond. Prior to any such application, counsel for the moving party shall confer with opposing counsel and seek agreement to such modification, enlargement or release. No modification, enlargement or release shall be effectuated without prior Order of the Court.

Any violation or threat of violation of this confidentiality agreement shall be grounds for a Motion for Sanctions to be filed in the United States District Court for the District of Columbia.

_____
Hon. Paul L. Friedman
United States District Judge