

# Metropolitan Police Department □ Washington, D.C.

## GENERAL ORDER

| Subject: | | Series | Number | Distribution | Change Number |
|---|---|---|---|---|---|
| **CITIZEN COMPLAINTS** | | 1202 | 5 | B | 1 |

| | |
|---|---|
| Effective Date | July 1, 1995 |
| Revision Date | * |

The purpose of this order is to establish policies and procedures for handling citizen complaints against members of the department. This department is committed to a vigilant and aggressive stance as it relates to misconduct on the part of its employees.

It shall be the policy of this department that all citizen complaints be thoroughly and objectively investigated in accordance with department regulations and applicable law. If the investigation sustains a citizen's complaint, management and/or disciplinary action shall be taken in a manner and at a level appropriate with the responsible member's past record and the seriousness of the misconduct. When a complaint against an employee is not sustained, classified as unfounded, or exonerates the employee, the citizen may exercise the option of appealing the finding to the Chief of Police. This order consists of the following parts:

PART I      Responsibilities and Procedures for Members of the Department

         A.     Definitions.
         B.     Receiving Citizen Complaints.
         C.     Citizen Complaint Preliminary Investigation

PART II      Citizen Complaint Investigative Procedures

         A.     Citizen Complaint Investigations.
         B.     Citizen Complaint of Excessive Force Investigations.
         C.     Citizen Complaint Investigative Reports.
         D.     Notifications and Appeals.

PART III      Responsibilities and Procedures for Command Personnel

         A.     District/Division Commanders/Directors.
         B.     Bureau Heads.
         C.     Director, Office of Professional Responsibility.
         D.     Chief of Police.



| General Order 1202.5 | Effective Date<br>**July 1, 1995** | Change Number<br>1 | Page Number<br>13 of 14 |
|---|---|---|---|

b.    The bureau head may return the investigation to the commanding officer for further investigation, with comments and recommendations.

C.    <u>Director, Office of Professional Responsibility.</u>

The Director, Office of Professional Responsibility, shall:

1.    Assign a Citizen Complaint Control Number and investigative report due date to each citizen complaint and give the number to the official making the telephonic notification.

2.    Log all information concerning incoming citizen complaints in a Citizen Complaint Control Log maintained for that purpose. When applicable, entries shall also be made in the Early Warning Tracking System.

3.    Review the Citizen Complaint Control Log daily to ensure that due dates are being complied with by investigating officials.

a.    When an investigation has not been received by the assigned due date and no approved extension is notated, the appropriate bureau head shall be notified.

b.    A weekly report of late investigations shall be forwarded to the Chief of Police for informational purposes.

4.    Review and analyze all completed PD Forms 99 and citizen complaint investigative reports to identify problem areas which, through training and supervision, may be rectified.

5.    Review the PD Form 99, and associated investigative report, as directed by the Chief of Police in cases where the citizen appeals a finding of Exonerated, Not Sustained, or Unfounded; and

6.    Forward an annual report to the Chief of Police no later than the last business day of January for the preceding year consisting of, at a minimum:

a.    The total number of citizen complaints received;

b.    The total number of complaints falling within each complaint category;

c.    The total number of complaints resolved during citizen complaint preliminary investigations and the dispositions; and,

| Publication | Effective Date | Change Number | Page Number |
|---|---|---|---|
| General Order 1202.5 | July 1, 1995 | 1 | 3 of 14 |

b.   **Not Sustained:** the incident complained of occurred; however, the investigation determined insufficient evidence to either prove or disprove the citizen's allegation.

c.   **Sustained:** the citizen's allegation is supported by sufficient evidence to determine that the incident occurred and the actions of the employee were improper.

d.   **Unfounded:** the investigation determined no facts to support that the incident complained of actually occurred.

NOTE: A finding of "Sustained" shall be accompanied by a recommendation for appropriate disciplinary action.

8.   **Service-Related** - allegations usually arising from calls/requests for police service or police-citizen contacts in response to which the citizen believes that the employee did not take appropriate action or did not follow proper law or department procedures.

B.   <u>Receiving Citizen Complaints.</u>

1.   Whenever a citizen appears at an organizational element for the purpose of registering a complaint against a department employee, the matter shall immediately be brought to the attention of the watch commander or the next senior official available on duty within the element.

a.   The official so notified shall designate an official (the "interviewing official") to interview the complainant and conduct a preliminary investigation.

b.   Staff elements may substitute the appropriate grade level civilian supervisory or management employee.

2.   A PD Form 99 (Citizen Complaint Report) shall be used for the purpose of documenting all complaints registered against employees of the department at the organizational level in which misconduct is alleged, whether the complaint is registered in person, by correspondence, or by telephone. This requirement includes written complaints forwarded to the element from another organizational element (e.g., the Office of the Chief of Police, Patrol Services Bureau, etc.).

3.   In the case of telephone complaints and complaints by correspondence, the citizen shall be requested to respond to the organizational element for the purpose of preparing a PD Form 99.

| Publication | Effective Date | Change Number | Page Number |
|---|---|---|---|
| **General Order 1202.5** | **July 1, 1995** | 1 | **11** of **14** |

    a.      A telephone notification is NOT considered a personal contact for the purpose of this notification.

    b.      A telephone notification is acceptable if efforts to initiate a personal notification have failed, subject to the commanding officer's approval.

    3.      The date, time, and method of notification shall be entered on the back of the PD Form 99.

    4.      The citizen shall be advised of the fact if disciplinary action was recommended, but not the specific nature of the action.

    5.      If the complainant is not satisfied with the results of the investigation, he/she shall be informed that an appeal of a finding of Exonerated, Not Sustained, or Unfounded may be made, in writing, to the Chief of Police.

    a.      Appeals shall be addressed to:

        Chief of Police
        Room 5080
        300 Indiana Avenue, N.W.
        Washington, D.C. 20001

    b.      Both the envelope and letter should be clearly marked "Citizen Complaint Appeal."

PART III

    A.      <u>District/Division Commanders/Directors.</u>

The district/division commander/director shall:

    1.      Designate an investigating official for each citizen complaint received at the organizational element that is not resolved during the citizen complaint preliminary investigation.

    2.      Ensure that the complainant is contacted by the official assigned to conduct the citizen complainant investigation within 24 hours of assignment.

    3.      Review personally each PD Form 99 and citizen complaint investigative report.

| Publication | Effective Date | Change Number | Page Number |
|---|---|---|---|
| **General Order 1202.5** | **July 1, 1995** | **1** | **5 of 14** |

c.   The citizen shall be advised in all cases when the PD Form 99 is forwarded to another element, and given the name and telephone number of the receiving element's watch commander and commanding officer.

C.   <u>Citizen Complaint Preliminary Investigation.</u>

1.   The purpose of the citizen complaint preliminary investigation is to gather sufficient information to determine the exact nature and circumstances of the complaint and, when appropriate, resolve the citizen's concerns at the time the complaint is received without further delay.

a.   Many service-related complaints are caused by the citizen's unfamiliarity with police procedures. This, coupled with an employee's failure to explain his/her actions, underlies many citizen complaints. Most citizen complaints falling in this category can be resolved through conversation with the citizen.

b.   The interviewing official may, with the express concurrence of the watch commander, arrange for the citizen and subject employee to speak personally in order to resolve the citizen's concerns.

(1)   Participation in the meeting by the citizen and the employee shall be voluntary.

(2)   The interviewing official must be present.

(3)   The meeting may be terminated at any time by either the citizen, the employee, or the interviewing official.

(4)   The resolution of the complaint to the citizen's satisfaction shall not preclude the interviewing official from recommending administrative action in the event the employee's actions were not in compliance with department policies and procedures.

2.   The interviewing official shall make every effort to have the citizen personally prepare a PD Form 99 setting forth the facts of the complaint. In the event a complainant refuses to prepare a PD Form 99, the interviewing official shall prepare the form, briefly stating the nature of the complaint, and noting the complainant's refusal to prepare the form.

| Publication | Effective Date | Change Number | Page Number |
|---|---|---|---|
| **General Order 1202.5** | **July 1, 1995** | 1 | 9 of 14 |

a.    Ascertain the extent of injuries to the complainant, if any;

b.    Ascertain the extent of injuries to members, if any;

c.    Include <u>all</u> reports applicable to the incident, to include Department of Fire and Emergency Medical Services ambulance and hospital reports, if available;

d.    Obtain any available photographs of the complainant and/or members that may indicate the nature and extent of alleged injuries;

e.    Interview <u>all</u> police and civilian witnesses; and

f.    Interview, if applicable, the official certifying the complainant's PD Form 313 (Arrestee's Injury or Illness Report and Request for Examination and Treatment)

3.    Should the investigation develop facts which indicate to the investigating official that reasonable grounds exist to believe that the allegation of excessive force may be criminal in nature, the investigation shall be referred to the United States Attorney's Office according to established procedures.

C.    <u>Citizen Complaint Investigative Reports.</u>

1.    After gathering all possible evidence relating to the complaint, the investigating official shall prepare a report, with finding(s) and recommendation(s), to the commanding officer of the organizational element.

2.    The investigating official shall forward, through channels, to the commanding officer:

a.    A written investigative report, to include:

(1)    A summary of the facts containing:

(a.)    The complainant's allegation(s),the date(s) and location(s) of the incident(s), and the name(s) of the subject employee(s),

(b.)    The names of all witnesses and a summary of the facts contained their statements, and

(c.)    Any non-testimonial evidence.

| Publication | Effective Date | Change Number | Page Number |
|---|---|---|---|
| **General Order 1202.5** | **July 1, 1995** | 1 | **7 of 14** |

PART II

A.    Citizen Complaint Investigations.

1.    Each citizen complaint shall be investigated in an objective, independent, fair, and ethical manner.

2.    The investigating official shall contact the complainant within 24 hours of assignment to the investigation and advise the complainant of his/her name, rank/title, and telephone number.

3.    The investigation shall follow the internal investigation procedures established in General Order 1202.1 (Disciplinary Procedures and Processes) Part I-E-2., to the extent which they apply and as modified by applicable collective bargaining agreements.

4.    Investigating officials shall be allowed a period of thirty (30) calendar days from the date the citizen complaint was received at the organizational element to conduct a thorough investigation into the facts and circumstances of the complaint.

a.    In extenuating circumstances, the organizational element's commanding officer may request an extension from the bureau head.

b.    The extension must be requested in writing, fully explain the extenuating circumstances involved, and indicate a specific date when the investigation will be completed.

c.    If the extension is granted, the bureau head shall notify the Office of Professional Responsibility of the new due date for entry in the Citizen Complaint Control Log.

NOTE: Investigating officials, commanding officers, and bureau heads shall be aware at all times of the deadlines imposed by the 45-Day Rule when considering extensions to investigative report due dates.

5.    When a complainant or witness indicates that he/she is represented by counsel or declines to give a statement on the advice of an attorney, the investigating official shall request the name and contact the attorney by telephone.