UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
HOWARD TAFLER,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 05-1563 (PLF)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
            Defendants.             )
_____)

OPINION

Plaintiff Howard Tafler filed this lawsuit against the District of Columbia and Metropolitan Police Department Officer Anthony Hector in his individual capacity.[1] This is a constitutional and common law tort action in which the plaintiff seeks to recover damages following an allegedly false arrest involving the use of excessive force. The matter is before the Court on defendants' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[2] The Court previously dismissed several counts of the complaint in an Opinion and

---

[1]   While plaintiff also has filed suit against Officer Hector in his official capacity, the Court will address only those claims made against him in his individual capacity. "A [S]ection 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against a municipality itself." Atchison v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Plaintiff's claim against Officer Hector in his official capacity therefore is equivalent to his Section 1983 claims against the District of Columbia.

[2]   The briefs submitted in connection with this motion include: Defendants' Motion for Summary Judgment ("Mot."); Defendants' Statement of Material Facts Not in Dispute ("Defs' SMF"); Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opp."); Plaintiff's Statement of Material Facts in Dispute ("Pl's SMFD"); and Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Reply").

Order issued on November 8, 2006. See Tafler v. District of Columbia, 2006 WL 3254491 (D.D.C. Nov. 8, 2006). In the remaining counts, plaintiff alleges that both defendants are liable for a violation of his Fourth Amendment rights because of the use of excessive force (Count I), and that the District of Columbia is liable for negligent failure to train, supervise, and control Officer Hector (Count IV). Defendants argue that the District is entitled to judgment as a matter of law, and that Officer Hector is entitled to qualified immunity. Upon consideration of the papers filed in connection with this motion and the entire record in this case, the Court grants the motion for summary judgment in part and denies it in part. Specifically, the Court grants summary judgment for the District of Columbia on both counts and denies summary judgment for Officer Hector.

I. BACKGROUND

Jennifer Andrews called 911 in the early morning hours of August 4, 2002, to report that her boyfriend was attempting to break into her home on the 1700 block of U Street, N.W., and that he was threatening to kill her. See Defs' SMF ¶ 1. She provided the name and physical description of her boyfriend, plaintiff Howard Tafler. See id. ¶ 2. Ms. Andrews informed the dispatcher that Tafler was known to carry a knife and that he held a "black belt." She also stated that he was intoxicated and under the influence of crack cocaine. See id. ¶ 3.

After being dispatched to the scene, Officer Anthony Hector of the District of Columbia Metropolitan Police Department ("MPD") observed plaintiff in the alley behind Ms. Andrews' apartment. See Defs' SMF ¶ 5. Without announcing himself as a police officer, Officer Hector allegedly tackled Tafler from behind, knocking him to the ground. See Pl's

2

SMFD ¶ 2. After tackling and handcuffing plaintiff, Officer Hector allegedly "knee[d] the back of his head and ribs and kick[ed] his side." Id. ¶ 4. Plaintiff alleges that the officers kicked him severely, causing him injuries including ringing in his head and ears, swelling in both knees, a bone chip in his elbow, and lacerations to his face that have left permanent scars on his lip and chin. See Am. Compl. ¶ 10. Plaintiff was arrested and charged with attempted burglary, destruction of property and felony threats. See id. ¶ 11. Plaintiff alleges that he was taken to the Third District police station where he was detained for an extended period of time without receiving proper medical attention. See id. The criminal charges against plaintiff subsequently were dismissed because the building and the property that were the subjects of the attempted burglary and destruction of property actually belonged to the plaintiff. See id. ¶ 12. For the purposes of this motion, defendants accept plaintiff's version of the facts with respect to the force used by Officer Hector, including "that plaintiff was struck while handcuffed." Reply at 2-3.

As mentioned above, Tafler sustained injuries, including lacerations to his face, during the arrest. See Defs' SMF ¶ 7. After officers transported Tafler to the Third District police station, a supervisor determined that he required medical attention. Officers brought plaintiff to the emergency room at Georgetown University Hospital where doctors treated the lacerations to his chin and lip and released him. See id.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits [or declarations], if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

       The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in his favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable"

or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecomm. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

*B. Excessive Force Claim Against Officer Hector*

Defendants argue that summary judgment is appropriate on the Fourth Amendment claim against Officer Hector because he is entitled to qualified immunity. See Mot. at 14. Qualified immunity "shields state officials from liability for their discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Butera v. District of Columbia, 235 F.3d 637, 645-46 (D.C. Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Pitt v. District of Columbia, 491 F.3d 494, 509 (D.C. Cir. 2007).

A defendant's entitlement to qualified immunity is a question of law to be decided by the Court. See Pitt v. District of Columbia, 491 F.3d 494 at 509 (citing Hunter v. Bryan, 502 U.S. 224, 224-27 (1991)). In analyzing a claim of qualified immunity, the Court must first determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all.'" Butera v. District of Columbia, 235 F.3d at 646 (quoting Wilson v. Layne 526 U.S. 603, 609 (1999)). If the plaintiff has alleged such a deprivation, the Court must then determine

whether the right allegedly violated was "sufficiently clear that a reasonable officer would understand that what he [was] doing violated that right." Butera v. District of Columbia, 235 F.3d at 646. "Whether an official protected by qualified immunity may be held personally liable . . . generally turns on the objective legal reasonableness of the action." Wilson v. Layne, 526 U.S. at 614. In assessing whether a party is entitled to qualified immunity, the facts must be taken in the light most favorable to the party asserting the constitutional injury. See Saucier v. Katz, 533 U.S. 194, 201 (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)); see also Scott v. Harris, 127 S.Ct. at 1774.

The Court first turns to whether plaintiff has sufficiently alleged the violation of a constitutional right. Plaintiff alleges that defendant Hector violated his Fourth Amendment rights by using excessive force in effecting his arrest when he "violently tackl[ed] him from behind, knee[d] him on his neck and rib cage and kick[ed] him on his side while in handcuffs." Opp. at 9. As defendants summarize the undisputed facts:

> Specifically, Defendants did not dispute that Plaintiff was tackled from behind and knocked to the ground by Officer Hector, who was wearing plain clothes and driving an unmarked Crown Victoria. Defendants also did not dispute that Plaintiff was not taken to the hospital until after he was taken to the Third District Police Station. *Defendants also did not dispute that Plaintiff was struck while handcuffed.*

Reply at 2-3 (internal citations omitted) (emphasis added). Plaintiff argues that such acts constitute "excessive force in violation of plaintiff's Fourth Amendment right." Opp. at 14. There is no question that the facts as stated by plaintiff, and undisputed for these purposes by defendants, sufficiently allege that plaintiff's Fourth Amendment rights have been violated.

6

The Court now turns to whether the right alleged to have been violated was clearly established. A right is clearly established if "'the contours of the right are sufficiently clear that [an objectively] reasonable officer would understand that what he [was] doing violated that right.'" Butera v. District of Columbia, 235 F.3d at 646 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also Scott v. Harris, 127 S. Ct. at 1776; Pitt v. District of Columbia, 491 F.3d at 512. In determining whether a seizure is reasonable, "[t]he touchstone of [the court's] analysis . . . [is] the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." Pennsylvania v. Mimms, 434 U.S. 106, 108-09 (1977). This requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotation omitted). The test is an objective one, made "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)).

In Arrington v. United States, the plaintiff filed suit under the Federal Tort Claims Act, alleging that United States Park Police officers used excessive force against him when they severely beat him after he was handcuffed and detained as a suspect in a crime. See Arrington v. United States, 473 F.3d 329, 332 (D.C. Cir. 2006). Defendants filed a motion for summary judgment in this Court, disputing plaintiff's version of the facts and arguing that the officers were entitled to qualified immunity. See id. at 332-33. The Court granted judgment for defendants, but the D.C. Circuit reversed, finding that there was a genuine issue of material fact as to whether the plaintiff was beaten before or after he was handcuffed and detained. See Arrington v. United States, 473 F.3d at 337. The court in Arrington observed that "[o]bviously if [a suspect] was

7

completely detained and rendered helpless before being brutally beaten, then a reasonable jury could return a verdict for him." Arrington v. United States, 473 F.3d at 332; see also id. at 336 ("If appellant's version of the facts is accepted as true, there is little doubt that a jury could find that he satisfies the 'excessive force' standard under Etheredge.") (citing Etheredge v. District of Columbia, 635 A.2d 908 (D.C. 1993)).

For purposes of summary judgment, the defendants in this case expressly do not dispute that Officer Hector struck plaintiff after he was detained and handcuffed. See Reply at 2-3. While defendants emphasize the phone call made by Ms. Andrews and the fact that Officer Hector therefore thought that Tafler was armed and under the influence, see Reply at 10, they never adequately address why it was that the level of force employed was needed *after* Tafler was handcuffed and lying on the ground. The right not to have excessive force used in conjunction with an arrest is clearly established, and a reasonable jury could find that Officer Hector used force "not 'objectively reasonable in light of the facts and circumstances confronting [him].'" Arrington v. United States, 473 F.3d at 336-37 (citing Graham v. Connor, 490 U.S. at 397) (internal quotations omitted). He therefore is not entitled to qualified immunity. Accordingly, the Court will deny his motion for summary judgment.

### C. Municipal Liability Against the District

A municipality is liable under 42 U.S.C. § 1983 for the civil rights violation of its employees if the municipality acted in accordance with a "government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official city policy." Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); see Feirson v.

District of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) ("To impose liability on the District under 42 U.S.C. § 1983, [plaintiff] must show 'not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.'") (citing Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004)).

Tafler has alleged that the District of Columbia is liable because it failed to adequately train and supervise Officer Hector. See Opp. at 6. A municipality's "inaction, including its failure to train or supervise its employees adequately, constitutes a 'policy or custom' under Monell when it can be said that the failure amounts to 'deliberate indifference' towards the constitutional rights of persons in its domain." Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000) (quoting City of Canton v. Harris, 489 U.S., 378, 388-89 n.7 (1989)). "[W]here the policy itself is not unconstitutional, considerably more proof than [a] single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985); see Dorman v. District of Columbia, 888 F.2d 159, 165 (D.C. Cir. 1989) ("A Section 1983 plaintiff must prove, in addition to a policy of deliberate indifference, a close nexus between 'the identified deficiency in a city's training program' and 'the ultimate injury.'" (quoting City of Canton v. Harris, 489 U.S. at 391)). The Court concludes that a reasonable jury could not find such a deliberate indifference exists on the undisputed facts presented here.

As evidence of the District's failure to adequately train and supervise its officers, plaintiff offers his own arrest, complaints against Officer Hector filed with the Disciplinary Review Division of the MPD, and the testimony of Hector's supervisors during the investigation

9

of those complaints, in which they stated that they approved of Officer Hector's job performance. See Opp. at 7-9.[3]  This evidence fails to meet the burden necessary to defeat defendant's motion for summary judgment. To support a finding of municipal liability, a policy or custom must be pervasive. See Carter v. District of Columbia, 795 F.2d 116, 123 (D.C. Cir. 1986). Plaintiff has provided evidence only specific to one officer in the Metropolitan Police Department, and identifying one "unsatisfactorily trained [officer] . . . . will not alone suffice to fasten liability on [a] city." City of Canton v. Harris, 489 U.S. at 391.

Plaintiff relies on Atchison v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996), to argue that evidence regarding Officer Hector alone is sufficient to survive the motion. See Opp. at 7. The plaintiff in Atchison filed a Section 1983 suit against the District of Columbia alleging a policy of failure to properly train its police officers. He alleged that while he walked with a machete down a busy street in broad daylight, the MPD used excessive force when an officer shot him immediately after yelling at him to "freeze." Atchison v. District of Columbia, 73 F.3d at 419-20. In reversing the district court's decision to dismiss the claims, the D.C. Circuit explained:

> Atchinson's allegation that [the officer] shot him in broad daylight on a city street so quickly after Atchinson was ordered to "freeze" states facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an *allegation* of improper training in the use of force. Atchinson, of course, will need to *prove* more about the District's police training to prevail on the merits.

---

[3]  Plaintiff also offers as evidence the failure of the District to investigate an alleged citizen's complaint he filed with the MPD and the failure of Officer Hector to file a "Use of Force" incident report under General Order 901.07 of the MPD. Plaintiff has provided no copy of the alleged complaint he filed, and the effective date of General Order 901.07 was after plaintiff's arrest.

Atchison v. District of Columbia, 73 F.3d at 422 (emphasis in original). This case is distinguishable from Atchison because here plaintiff is opposing a motion for summary judgment rather than a motion to dismiss. Accordingly, plaintiff must provide evidence of a policy beyond mere allegations to survive the District's motion for summary judgment, rather than just making allegations. See Sierra Club v. EPA, 292 F.3d 895, 898-99 (D.C. Cir. 2002) (contrasting burdens at pleading stage and summary judgment stage). Plaintiff has failed to provide evidence sufficient to do so. The Court therefore grants defendants' motion for summary judgment with respect to plaintiff's Fourth Amendment claim against the District of Columbia under Section 1983.

*D. Negligent Failure to Train, Supervise and Control.*

The Court grants summary judgment for the District of Columbia with respect to plaintiff's negligent failure to train, supervise or control claim because plaintiff has failed to oppose the motion. "[A]n opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." L. Civ. R. 7(b). In his opposition to the motion, plaintiff addresses the Section 1983 claim on the grounds of a failure to train and supervise, but does not address the elements necessary to establish the standard of care in a

negligence claim, a separate tort.[4] The Court therefore will grant summary judgment for the District of Columbia on this claim.

### III. CONCLUSION

For the foregoing reasons, the Court will grant summary judgment for the District of Columbia on the claim of municipal liability for a Fourth Amendment violation (Count I) and the tort claim for negligent failure to train, supervise and control (Count IV). The Court will deny summary judgment for individual defendant Officer Hector with respect to plaintiff's Fourth Amendment claim (Count I). An Order consistent with this Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 27, 2008

---

[4] The Court notes that in negligence claims arising from the use of excessive force, evidence is required of "an independent breach of a standard of care beyond that of not using excessive force in making an arrest." District of Columbia v. Chinn, 839 A.2d 701, 707 (D.C. 2003). The plaintiff has offered no evidence to establish a standard of care.